———o———

DE ARMOND *v.* THE STATE, EX REL. CAMPBELL.

| 40 | 469 |
|-----|-----|
| 144 | 237 |

ELECTION.—*Township Trustee.—Term of Service.*—On the fifth day of April, 1869, A. was elected township trustee, and on the seventeenth day of that month, he filed his bond and entered upon the duties of the office. On the fourteenth day of October, 1870, B. was elected trustee of the same township, and on the eighteenth day of that month he filed his bond and was duly qualified, and on the twenty-ninth day of October, he demanded of A. possession of the books, papers, and money of the office, but A. refused.

*Held,* that it was the intention of the legislature, in the enactment of the law of April 26th, 1869, (Acts 1869, p. 57) to provide for the election of township trustees, as well as other township officers, at the time of holding the October election.

*Held,* also, that A. had served out the time for which he was elected, and more, and it was proper to elect his successor at the election in October, 1870.

SAME.—*Statute Construed.*—Section 38 of the general election law (1 G. & H. 312) does not apply to the case of a township trustee.

OFFICER.—*Possession of Office.*—One who has received a certificate of election to the office of township trustee, and who has qualified by giving bond and taking the oath of office, is entitled to the office, as against an incumbent whose term has expired, though some other person may be prosecuting a contest of the election.

APPEAL from the Decatur Circuit Court.

DOWNEY, J.—This was a proceeding by *quo warranto,* by

the appellee against the appellant, to inquire by what warrant or authority he claimed to act as township trustee of Sand Creek township, in Decatur county, Indiana. The proceeding resulted in a judgment against De Armond, and he appealed. The first question in the case presented by the assignment of errors relates to the sufficiency of the third paragraph of the information. In that paragraph of the information it is represented that said De Armond was, on the 5th day of April, 1869, elected trustee, and on the 17th day of April, in said year filed his official bond with the county auditor, which was approved, and he then entered upon the discharge of his duties; that on the 10th day of October, 1870, Robert Armstrong was duly elected trustee of the same township, as the successor of De Armond, received his certificate of election from the board of election, and on the 18th day of October, 1870, filed his bond, and was duly qualified, etc.; that afterward, on the 29th day of October, 1870, he informed De Armond of his election and qualification, and demanded possession of the books, papers, and money of the office in the hands of De Armond, but was refused.

Counsel for appellant say that the overruling of the demurrer to this paragraph presents two questions; first, is the fifth section of the act to provide for the more uniform mode of doing township business, on page 637, 1 G. & H., repealed? and, second, is the qualification of an officer elected to a township office, within ten days after the election, legal?

The fifth section of the act of February 18th, 1859, to provide a more uniform mode of doing township business, etc., 1 G. & H. 636, enacts, that "the qualified voters in each township shall, on the first Monday in April, annually, at the usual place or places of holding elections in such township, elect a township trustee, who shall hold his office for one year, and until his successor is elected and qualified," etc. The act of June 15th, 1852, to provide for township elections, provided for a township election on the first Monday of April in each year. 1 G. & H. 316, sec. 1. By the second section of the Act of April 26th, 1869, Acts 1869,

De Armond *v*. The State, *ex rel.* Campbell.

p. 57, the first section of the act of June 15th, 1852, was amended so as to read as follows: "That there shall be held an election in each township, at the usual places of holding elections, on the same day provided in this act for holding general elections" (that is the second Tuesday in October), "for the purpose of electing township officers and such other officers as may be provided for by law, which election shall be conducted by the officers of and governed by the laws regulating general elections, so far as the same may be applicable." If this section does not repeal the fifth section of the act of February 18th, 1859, it is quite clear that the election of Armstrong, on the 11th day of October, 1870, was unauthorized and void. There is a difficulty in the way of sustaining the act of February 18th, 1859, as an independent act, and that is, that it does not provide for the manner of holding the election, etc., of a township trustee. It was evidently intended by the legislature that the trustee to be elected under that act should be elected according to the act of June 15th, 1852, which adopts, as a mode of holding the election, the rules regulating general elections. Hence, when that act was amended by the act of April 26th, 1869, abolishing the April election, and requiring township elections to be held in October, in connection with the general election, there was no longer any law in force by which an election in April could be held. We think it must be held to have been the intention of the legislature in the enactment of the law of April 26th, 1869, to provide for the election of township trustees, as well as other township officers, at the time of holding the general election in October. De Armond had served out the time for which he was elected, and more, and it was proper to elect his successor at the election in October, 1870.

As to the other question, that is, that the trustee elect qualified by giving his bond and taking the oath of office within the ten days next after his election, we do not think it of such a nature as to be decisive of the question, however it may be in point of fact. We do not think the bond and

oath should be held invalid, if the law did direct that the bond should be given and the oath taken after ten days from the time of the election.   It appears that the demand upon De Armond for the books, papers, moneys, etc., was not made until the 29th of October, 1870, which was more than ten days after the election.   But this objection is based on section 38 of the general election law, 1 G. & H. 312, which provides that "when any person is elected to an office by the voters of a county, not to be commissioned by the governor, and such election is not contested, the clerk of the circuit court shall after ten, and within twenty days from the time the board of canvassers have made their return, make out and deliver on demand, to such person a certificate of his election, and in case where any officer is to be commissioned by the governor, he shall make out a statement under his hand and seal of his court, specifying the number of votes given to each person for each office, and who has been declared elected, and shall transmit the same by mail to the secretary of state, within the time aforesaid."

It is claimed that because the act of April 26th, 1869, with reference to the election of township officers, requires the election to be conducted by the officers of, and governed by the laws regulating, general elections, so far as the same may be applicable, the section quoted prevents the qualification of a trustee within ten days.   We do not think the section in question applies to the case of a township trustee. He is not elected by the "voters of a county."   He does not get his certificate of election from the clerk of the circuit court.

The next and only other question in the case is, as to the sufficiency of the answer of De Armond.   It alleges that at the time of the election of Armstrong, one Myers was also a candidate, and that Myers contested the election of Armstrong, which contest is not yet finally decided.   It seems to us that the court committed no error in holding this answer bad.   Armstrong, having received the certificate of election to the office, and having qualified by giving bond and taking

the oath of office, is entitled, so far as De Armond is concerned, at least, to enter upon the discharge of the duties of the office. The contest between him and Myers is not a matter in which De Armond has any interest, or which can enable him to continue to hold the office.

The judgment is affirmed, with costs.

*C. Ewing, J. K. Ewing,* and *J. S. Scobey,* for appellant.

*W. Cumback, S. A. Bonner, J. Gavin,* and *J. D. Miller,* for appellee.