Parmater *v.* The State, *ex rel.* Drake.

Filed May 25, 1885.

———————

No. 10,875.

## PARMATER *v.* THE STATE, EX REL. DRAKE.

COUNTY COMMISSIONER.—*Term of Office of Successor Filling Vacancy.*—Where a person who has been elected to and has entered upon a full three-years' term of the office of county commissioner resigns said office, his appointed successor will hold, by virtue of his appointment, for such portion of the remainder of such full term as may elapse before the next general election, and a person elected at such next general election as successor in such vacancy, said full term not then having ex-

Parmater *v.* The State, *ex rel.* Drake.

pired, will hold, by virtue of his election, not for three years from his said election, but for the unexpired portion of such resigned officer's full term.

SAME.—*Election.*—*Defective Notice.*—Where at a general election a vacancy in the office of county commissioner is to be filled, and there is not also to be an election of a successor for a full term, the fact that the election notice does not show that an unexpired term of such office is to be filled at the election, will not affect the elected commissioner's tenure of office.

SAME.—*Certificate of Election.*—*Collateral Attack.*—In a proceeding by information to oust an incumbent of an office holding over after the expiration of his term, in favor of another holding a certificate of election as successor of the former, the defendant can not attack such certificate by showing that said holder was not elected to such office, and that a third person was elected.

SPECIAL VERDICT.—*Facts not Found.*—Facts not found in a special verdict are to be regarded as not proved by the party having the burden of proof.

From the Kosciusko Circuit Court.

*R. M. Johnson, L. M. Ninde* and *E. G. Herr,* for appellant.
*J. H. Baker* and *J. A. S. Mitchell,* for appellee.

FRANKLIN, C.—This is a proceeding in the nature of *quo warranto,* in the name of the State, on relation of the prosecuting attorney, denying the right of the defendant Parmater to hold the office of commissioner of the first district of Elkhart county, and alleging that one John A. Smith was entitled to that office. A demurrer was filed to the information and afterwards withdrawn.

The defendant filed an answer in six paragraphs; and there was a reply in denial, when the venue was changed to Kosciusko county; trial by jury, and by request a special verdict was returned. Whereupon the defendant moved for a *venire de novo,* which was overruled, and the defendant moved for a new trial, which was also overruled. He then moved for judgment in his favor on the special findings, which was also overruled, and judgment was rendered thereon in favor of the plaintiff, and the defendant appealed to this court.

Parmater *v.* The State, *ex rel.* Drake.

The errors assigned are:

1st. The information does not state facts sufficient to constitute a cause of action.

2d. Overruling motion for a *venire de novo.*

3d. Overruling motion for judgment in favor of defendant on special verdict.

4th. Overruling motion for a new trial.

5th. Rendering judgment against appellant.

6th. Overruling motion to postpone trial.

The information substantially states that at the general election of 1878, one Mather was elected commissioner for the first district of Elkhart county, for the term of three years from and after the 20th day of October, 1879; that in due form he entered upon the duties of said office; that he resigned August 7th, 1880, and the defendant was duly appointed to fill the office until the next general election; that afterwards at the general election of 1880, " the defendant was duly elected to the office of county commissioner for said district number one, made vacant by the resignation of Jonathan S. Mather as aforesaid," and duly entered upon the duties of said office; that afterwards at the general election held on the 7th day of November, 1882, in said county, John A. Smith, a person legally qualified to fill said office, was duly elected to the office of county commissioner for the first district of Elkhart county, as the successor of the defendant, and received his certificate of election in due form, and took the oath of office prescribed by law; that at the December term, 1882, of the board of commissioners of said county, the said John A. Smith took his seat with the other commissioners of said county and undertook to enter upon the discharge of the duties of his office, but the defendant, pretending that said office belonged to him, and claiming that his term of office had not expired, refused to surrender to said Smith said office, intruded into and unlawfully holds and attempts to exercise the duties of said office, to the exclusion of the said John A. Smith. Wherefore, etc.

The objection urged against this information is that the facts stated show that the defendant had the right to hold the office, and that Smith had no right to the office at that time.

The controversy between the parties appears to be, whether, where a commissioner has been elected for a full term and has entered upon his term and resigned at the end of nine months, and a successor has been appointed, who held until the next general election, which occurred at a time when two years of the resigning commissioner's term remain unexpired, the commissioner elected will hold for a full term of three years, or whether he holds simply to the end of the unexpired term of such resigning commissioner.

The notice for the election in 1880 said nothing about whether the commissioner was to be elected for a full term or the balance of an unexpired term. A similar notice was given for the election of 1882.

The 5733d section, R. S. 1881, which is the same as sec. 3, 1 R. S. 1876, p. 350, provides: "At the first election held to choose the first board of commissioners of any county, the person having the highest number of votes shall continue in office three years; the next highest, two years; and the next highest thereafter, one year; but if two or more persons have the same number of votes, their term shall be determined by lot, under the direction of the board of canvassers returning the election; and, annually, thereafter, one commissioner shall be elected, and shall continue in office three years, and until his successor is elected and qualified." The regular term of office of a commissioner is thus fixed at three years, and one is required to be elected each year. At the time this statute was first adopted we had annual elections; they are now changed to biennial elections, but the same language is still retained in the statute. And the only way that the spirit of the statute can now be carried out, is for the term of office of one of the commissioners to commence each year, so that there may at all times be at least two commissioners on the board of some experience. And in order to preserve

this regulation the terms of office of each must commence and end regularly at periods of three years.

The record in this case shows that the county of Elkhart was divided into commissioner districts in 1831. And it is insisted by appellee that the term of office in the first district thereof has been regularly kept up in terms of three years ever since, vacancies being filled by appointments until the next general election, and after that by election until the expiration of the term. While it is contended by appellant that there have been irregularities in keeping up the regular terms.

We do not think it advisable or necessary to investigate all the terms of the various commissioners in this district since the organization of the county. If there were irregularities in the terms of the office ten, fifteen or thirty years ago, they can not be regulated in the matter in dispute between these parties.

The information expressly charges that at the fall election of 1878, Jonathan S. Mather was elected commissioner of said district for the term of three years from and after the 20th day of October, 1879; that he served nine months of the time and resigned; that appellant was appointed to fill the vacancy until the next general election; that at the general election, in 1880, he was elected commissioner for said district, the office of which was made vacant by the resignation of said Jonathan S. Mather. Under these charges and the law applicable to them, did appellant's term of office close after the general election of 1882, and the qualification of his successor, or did it extend for three years from the date of his election?

The 5567th section, R. S. 1881, which is the same as sec. 7, 1 R. S. 1876, p. 922, and has been the statute ever since March 13th, 1852, reads as follows: "Every person elected to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof."

Appellant contends that this section does not apply to the office of county commissioner, because, as he claims, a va-

cancy in such office is to be filled by appointment; that the vacancy being thus filled by appointment, there can be no commissioner elected to fill an unexpired term at the next general election, and hence the commissioner elected at the next general election is elected for the full term of three years, and not to fill out the unexpired term.

Section 5733 provides that the term of office of a county commissioner shall be " three years, and until his successor is elected and qualified." Section 5731 provides that " Whenever a vacancy occurs in the office of commissioner before the expiration of the term, the remaining commissioner or commissioners, together with the auditor, shall choose some person to fill such vacancy until the next annual election." The obvious meaning of the statute is that where there is a vacancy in the term, such vacancy is to be filled by appointment until the next general election, when some one is to be elected to fill the vacancy until the end of the term. The vacancy created is one for the whole of the unexpired term which the resigning officer was entitled to hold. The appointment is not intended, and does not profess, to cover the whole vacancy; it is expressly limited to until the next general election. If there is any residue of the term remaining after the next general election, that is to be filled by an election. Section 5567 being upon the same subject, and not in conflict with the foregoing provisions in relation to county commissioners, must be considered in connection therewith; and it expressly provides that " Every person elected to fill any office in which a vacancy has occurred shall hold such office for the unexpired term thereof." Appellant certainly was elected to fill an office in which a vacancy had occurred by the resignation of Mather. The statute says that he, in such cases, shall hold such office for the unexpired term of Mather. The word " term " applies to the office, and not to the person holding it. *State, ex rel.,* v. *Mayor, etc.,* 28 Ind. 248; *Baker* v. *Kirk,* 33 Ind. 517; *Sackett* v. *State, ex rel.,* 74 Ind. 486.

It is further insisted by appellant that the 5567th section does not apply to legislative offices. In this we think appellant is mistaken. It can only apply to legislative offices, and not to offices where the Constitution has fixed the terms of office. *Governor* v. *Nelson*, 6 Ind. 496 ; *Coffin* v. *State, ex rel.*, 7 Ind. 157 ; *Baker* v. *Kirk, supra; Mayor, etc.*, v. *Weems*, 5 Ind. 547 ; *State, ex rel.*, v. *Mayor, supra.* We think the information stated facts sufficient to constitute a cause of action.

The third alleged error is in overruling appellant's motion for judgment on the special verdict. Three reasons are suggested :

1. The election of appellant was for a full term of three years, because section 5567 does not control and limit the three years' tenure provided for in section 5733.

We do not think it necessary to discuss this proposition further.

2. Even if the election of appellant should have been for the unexpired term of Mather, that is, for the term expiring October 20th, 1882, still as the election notice did not state that the appellant was to be voted for and elected for such unexpired term, he would, therefore, hold for a full term of three years.

The election notice, by failing to state that the unexpired term of Mather would be filled at said election, did not have any effect on appellant's tenure of office. The term for which appellant could hold the office was fixed by law.

The authorities cited by appellant in support of this proposition we do not think applicable to this case. If there had been, at the general election held in October, 1880, a vacancy to be filled, and also a full term of commissioner in district number one, then the terms of the notice might be controlling in showing that the person voted for was elected for the full term, which is supported by the authority relied on by appellant in *State, ex rel.*, v. *Cogswell*, 8 Ohio St. 620. But in the case we are considering no such condition existed ; only one commissioner was to be elected, and he could be

elected only to fill the office for Mather's unexpired term. A commissioner, whose term should commence after the expiration of Mather's unexpired term, could not have been lawfully elected at the October election, 1880. Hence it follows, if appellant was lawfully elected for any term, it was for the unexpired term of said Mather. An omission or mistake in the notice of the election, can not control the tenure of office.

3. Appellant's counsel claim that the special verdict shows that Alonzo Gilbert was elected commissioner in said district number one, at the general election in 1850; that he received the highest number of votes of any candidate for commissioner in the county, and that he was entitled to hold for three years thereafter, and that the regular terms thereafter, of three years each, would make appellant's term expire at the general election in 1883, instead of 1882, as contended for by appellee. But the special verdict further shows that Gilbert was elected to fill a vacancy in the office of commissioner in said district, created by the resignation of Philo Morehouse, Jr., who only held nine or ten months of his term. The jury finds that on the 1st Monday in September, 1849, pursuant to an election duly had, Philo Morehouse, Jr., took his seat as commissioner for the term of three years from that time; that on the 24th day of July, 1850, he resigned said office, and that at the August election, 1850, said Alonzo Gilbert was elected to fill said vacancy, and held said office till the first Monday in September, 1852, when he was succeeded by Ira B. Woodworth. At the time of said Gilbert's said election the following statute, approved January 21st, 1850, was in force: "That the eleventh section of chapter four of the Revised Statutes of 1843, shall be so construed and is hereby declared to mean that any person who may be elected to the office of county commissioner to fill a vacancy in said office, may hold and continue in said office of county commissioner for the remainder of the term which his predecessor had to serve, and no longer." Acts 1850,

p. 27. Appellant insists that this statute was unconstitutional and of no effect, for the reason that the Legislature could not exercise the constitutional power of the courts, by giving any particular construction to a statute; that it could pass statutes, but the courts alone could give them authoritative constructions. Whether this be true or not under the old Constitution, said Gilbert appeared to acquiesce in the validity of the statute and surrendered the office to Woodworth in the fall of 1852, instead of holding out a full term of three years and until the fall of 1853. Even if Gilbert had the legal right to hold the office another year, but chose not to do so, and the regular terms, of three years intervals, have been kept up ever since, we do not see upon what principle of the law appellant, thirty years afterwards, can appropriate to himself the year that Gilbert failed to hold the office, and thereby continue his term for another year. We see no error in overruling appellant's motion for judgment in his favor on the special findings.

Under the fourth specification of error, the overruling of the motion for a new trial, the appellant insists upon the sixth reason, which is for refusing to allow the appellant to prove by introducing the ballots in evidence that John A. Smith was not elected, and that one Walter S. Hazelton was elected, commissioner for said district number one. Appellant says: "We are aware that the authorities go to the point. Smith's office can not be attacked in this collateral manner." He says, however, "We care nothing for such authorities. Our statutes define what the issues shall be, and any authority outside of Indiana which declares that issue to be immaterial must step aside."

In the case of *De Armond* v. *State, ex rel.*, 40 Ind. 469, it was held that one who has received a certificate of election to the office of township trustee, and who has qualified by giving bond and taking the oath of office, is entitled to the office as against an incumbent whose term has expired, though some other person may be prosecuting a contest of the elec-

tion, that the contest is a matter in which the incumbent has no interest, and it can not enable him to continue to hold the office.

This is a suit by the State to oust appellant from the office he is holding, and in which appellant can not collaterally attack the certificate of election of Smith. If it had been a case of contest of the election between Hazelton and Smith, there is no doubt but Hazelton would have had the right to go behind the certificate, for as to him Smith's certificate would only be *prima facie* evidence of Smith's election. But as between appellant and the State, the title to the office as between Hazelton and Smith, over the regular certificate of election, can not be inquired into. *Reynolds* v. *State, ex rel.*, 61 Ind. 392. What right has the appellant to hold the office after his term has expired, on the ground that Hazelton might, if he desired, successfully contest Smith's *prima facie* title, when the public and Hazelton acquiesced in the legality of Smith's election and the accuracy of the count of the board of canvassers?

In the case of *State, ex rel.*, v. *Buckland*, 23 Kan. 259, it is said : "Buckland ' can not avoid the effect of the decision of the canvassers by simply holding on to the office, and claiming that the decision of the canvassers was erroneous, or that the electors who cast the votes were not legal electors, or that fraud was practiced which, when investigated, would show a different result. The law will not permit him, on the pretence of championing the losing party, to hold on to the office for his own benefit.' "

In McCrary's work on American Law of Elections, section 221, the following language is used : "There can be no doubt but that a certificate of election regular in form, and signed by the proper authority, constitutes *prima facie* evidence of title to the office, which can only be set aside by such proceedings for contesting the election as the law provides." See authorities therein cited, and also section 204, with authorities cited, to which we add the following authorities : *Commonwealth, ex rel.*, v. *Baxter*, 35 Pa. St. 263 ; *Kerr* v.

*Trego*, 47 Pa. St. 292; *State* v. *Governor*, 1 Dutcher (N. J.) 331; *People, ex rel.*, v. *Miller*, 16 Mich. 56; *Crowell* v. *Lambert*, 10 Minn. 369; *State, ex rel.*, v. *Sherwood*, 15 Minn. 221; *State, ex rel.*, v. *Churchill*, 15 Minn. 455; *People, ex rel.*, v. *Callaghan*, 83 Ill. 128.

In the case of *People* v. *Head*, 25 Ill. 287, the court says: " The decision of the canvassers afforded *prima facie* evidence that the relator was legally elected, and entitled him to the office till that canvass should be set aside by a proceeding to be instituted by the defeated candidate, in courts of justice and in the forms of law."

In the case of *Supervisors* v. *O'Malley*, 46 Wis. 35, 56, it is said : " The rule, as I understand it, is this : that, as against a person holding an office by virtue of an election for a term of office which has expired, the person so holding over is estopped from denying that his successor was duly elected, when such successor shows that he was declared elected by the proper board of canvassers. He can not avoid the effect of the decision of the canvassers by simply holding on to the office, and claiming that the decision of the canvassers was erroneous, or that the electors who cast the votes were not legal electors, or that fraud was practiced which when investigated would show a different result."

In the case of *People* v. *Cook*, 8 N. Y. 67, 82, the court states the rule to be: " The certificate " of the board of canvassers " may indeed be conclusive in a controversy arising collaterally, or between the party holding it and a stranger." To the same effect is the case of *Hadley* v. *Mayor, etc.*, 33 N. Y. 603.

Under the seventh reason for a new trial, it is further insisted by appellant that he had the right to offer the ballots voted at the election of Smith for the purpose of proving that they were illegal, and that Smith was not legally elected, but Hazelton was legally elected.

The foregoing, upon the sixth reason, dispenses with the ne-

cessity of any discussion of the seventh, for we think there is no error in the court's refusing to permit appellant in this collateral proceeding to go behind the regular certificate of Smith's election.

The tenth reason for a new trial is also insisted upon, and that is, that the court erred in permitting appellee, by parol, to prove the contents of Smith's certificate of election, with his oath of office endorsed thereon.

The special second bill of exceptions is silent as to what proof had been made to the court of the loss of the original. The presumption is in favor of the ruling of the court, and that sufficient reasons were shown to admit oral proof of the contents of the certificate. This bill can not be helped out by the long-hand report of the evidence, because it does not refer to such evidence, but only refers to the long-hand report not then filed, and if we are permitted to look at such long-hand report, which appears in the transcript, but not in any bill of exceptions, or signed by the judge or any other person, it will be seen that no objection was made to the proof of the contents of the certificate, or any grounds of objection pointed out. There is no error in the admission of this testimony.

We have discussed the main points insisted upon by appellant for a new trial, and regard the others as either immaterial or waived. We find no error in overruling the motion for a new trial.

As to the overruling of the motion for a *venire de novo*, we see no uncertainty, ambiguity or contradiction in the special verdict that would prevent the rendition of the proper judgment upon it. Facts not found in the special verdict are to be regarded as not proved by the party against whom rests the burden of proof. There is no error in overruling the motion for a *venire de novo*.

No exceptions appear to have been taken to the instructions, and no question is presented to this court in relation to

them. We find no available error in this record. The case appears to have been fairly tried and a just result reached.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed April 23, 1884; petition for a rehearing overruled June 17, 1885.