The State, *ex rel.* Staff, *v.* Barlow.

---

No. 12,504.

THE STATE, EX REL. STAFF, *v.* BARLOW.

COUNTY COMMISSIONER.—*Term of Office.*—The term of office of a county commissioner consists of a period of three years, and, regardless of the time when the officer commenced service, the term expires with the expiration of such period.

SAME.—*Expiration of Term.*—*Qualifying.*—Owing to the change in 1869 from

annual to biennial elections, a county commissioner whose term expired in August, 1869, held over until October, 1870. From 1870 till 1882 the commissioners successively elected held three years, each holding one year in his successor's term. The defendant was elected, and after qualifying took the office, in 1882. His successor, elected in 1884, after qualifying, in March, 1885, demanded admission into the office, but was refused. On *quo warranto* proceedings by the prosecuting attorney, against defendant,

*Held,* that defendant's term expired in August, 1884, and his right to continue in the office ceased when his successor qualified.

SAME.—*Statute Construed.*—The act of March 7th, 1885, Acts 1885, p. 69, regulating the term of office of county commissioners, is merely declaratory of what the law has been, except in fixing the first Monday in December as the commencement of the term.

From the Shelby Circuit Court.

*F. S. Staff,* Prosecuting Attorney, *E. P. Ferris, W. W. Spencer, J. S. Ferris* and *F. J. Van Vorhis,* for the State.

*T. B. Adams, L. T. Michener, E. K. Adams* and *L. J. Hackney,* for appellee.

MITCHELL, C. J.—By an information filed in the name of the State, on the relation of the prosecuting attorney for the Sixteenth Judicial Circuit, the right of William H. Barlow to continue in the office of county commissioner for the third district of Shelby county is challenged.

It is charged that Shelby county was organized into commissioners' districts pursuant to law on the 4th day of May, 1831, and that the districts are numbered respectively, numbers one, two and three; that under the provisions of the act of the General Assembly, approved January 19th, 1831, the first term in the third district ended August 8th, 1833; and that, calculating periods of three years thereafter consecutively, the last term, the one for which Barlow was elected, ended in August, 1884.

It is averred that from the establishment of the commissioners' districts, in 1831, until the end of the term, in 1869, the regular succession of terms for that district had been observed by the several incumbents. At that time, owing to the change from annual to biennial elections, under the act

of 1869, Christopher Girton, who was elected in 1866, and whose term expired in 1869, held over until October, 1870. From 1870 until the autumn of 1884, the commissioners successively elected have held three years. In this manner each held one year in his successor's term.

The appellee, Barlow, was elected at the general election in November, 1882, and after qualifying took the office in December, 1882.

At the general election in November, 1884, George Cuskadon, who was eligible to the office, was elected and afterwards, on the 12th day of March, 1885, duly qualified. A few days later he presented himself, with his certificate of election, and oath of office duly endorsed thereon, to the board of commissioners, then in session, and demanded admission into the office. Barlow declined to surrender, and the other commissioners refused to recognize Cuskadon's right.

The court below sustained a demurrer to the information, and the question for decision is, had Barlow's term expired, or was he entitled to continue in the office until December, 1885?

In providing for the organization of boards of commissioners, the legislative policy has been apparent from the beginning; that policy was, and it still is, that the terms of county commissioners should be so regulated as that one member of the board should retire each year. This was provided for in the law of 1831, and in each successive enactment. Accordingly, in the adoption of the scheme, it was provided that one of the members elected at the first election should retire at the end of one year, another at the end of two, and the third at the end of three years; and that each successive commissioner elected should hold his office for a term of three years, and until his successor was elected and qualified.

It was held in the case of *Parmater* v. *State, ex rel.*, 102 Ind. 90, that the *term* applied to the office, and not to the person filling it. In that case it was held that a commissioner,

who was elected in consequence of a vacancy having occurred by resignation, could hold only the unexpired term, and not, as was there contended, a full period of three years.

Under the facts stated in the information, it is apparent that from 1869 forward each commissioner held one year into his successor's term. This resulted in consequence of the fact that Girton, who it is alleged was elected in 1866, held four years, from 1866 to 1870. This in no manner changed the term as fixed by the Legislature. Each successive period of three years constituted a "term," and regardless of the time when the officer commenced service, the term expired with the expiration of each period of three years.

It is, therefore, indisputable that, as the law stood prior to the act of March 7th, 1885, the term for which Barlow was elected expired in August, 1884, and as his successor was elected, his right to continue in the office ceased when his successor qualified. Was his right to continue in the office extended by the act referred to?

This act, following a preamble which recognizes the uncertainty and confusion existing in relation to the commencement and ending of the terms of county commissioners, as such terms were being occupied, provides: "That the terms of office of county commissioners shall be three years, and shall begin on the first Monday in December, and the term of office of no two districts in the same county shall begin in the same year; and the year in which the term of office of each district shall begin shall be determined by calculating periods of three years from the end of the term for which the commissioner for the same district was elected upon the organization of the board of commissioners for the county; and each commissioner now holding his office, whose successor has not been elected, and each commissioner elect, who shall hereafter, but prior to the end of the regular term, as provided in this act, for the district for which he was elected, begin his service as commissioner, shall serve three years and to the end of the regular term of said district, and until his succes-

sor is elected and qualified : *Provided,* that this act shall not be construed so as to lengthen the term of office of any commissioner now holding his office, whose successor has been elected and qualified, to the end of the regular term, as provided in this act," etc. Acts 1885, p. 69.

In order to determine whether this enactment has enlarged the right of the appellee, Barlow, it is only necessary to examine its constituent parts. It provides:

*First.* That the term of office of a county commissioner shall be three years, and shall begin on the first Monday in December.

*Second.* That the term of no two commissioners in the same county shall begin in the same year.

*Third.* That the year in which the term in each district shall commence shall be determined by calculating periods of three years from the end of the first term after the organization of the board in each county.

So far, except wherein it fixes the first Monday in December as the commencement of the term, this act is merely declaratory of what the law had been from the first. This was settled in *Parmater* v. *State, ex rel., supra.* As applied to all districts where the regular succession had been observed, it did not effect, nor was it intended to effect, any change whatever, except to fix the first Monday in December as the commencement of the term.

Recognizing the existing fact, however, that confusion had arisen in many cases on account of the change of time in holding elections, and from other causes, and for the purpose of restoring the regular succession in those cases, the act provided for two conditions, supposed to exist: *First.* Commissioners holding office whose successors had not been elected; and, *Second.* Commissioners then elect who might commence service at a period other than the beginning of a regular term. Concerning both of these classes, the provision is that they shall hold three years from the time they commenced, or shall commence service, and as much longer as shall carry them to

the end of a regular term, and until their successors are elected and qualified.

Concerning commissioners holding after the expiration of the regular term, whose successors *had* been elected, it is implied they were to surrender to the commissioner elect. As to commissioners elect, since the term of those holding had expired, it is implied that they should be entitled to the office, upon qualifying according to law. Thus, the act seems to have made provision for every case that could have existed: The first, or declaratory part, for all cases where the regular order had been preserved; the second for all cases where persons may have been holding whose service commenced at an irregular period, and whose successors had not been elected; and the third for commissioners elect, under the previously existing order, who would be entitled to commence service at an irregular period, by reason of the expiration of the term into which their predecessors had been elected.

The proviso which follows simply declares that the act shall not be so construed as to authorize persons then holding irregularly, whose successors had been elected and qualified, to continue to the end of the next regular term. This had already been provided for impliedly by the provision that only commissioners then holding whose successors had *not* been elected should continue for three years, and until the end of the regular term, and that commissioners elect might enter into the office and do likewise.

The whole scope of the proviso is to prohibit commissioners then holding, or who might thereafter hold, from continuing in office beyond their regular term after their successor had been elected and qualified.

Barlow's right is not enlarged by either of the foregoing provisions. Under the law as it existed before the act of March 7th, 1885, his term expired after the general election in 1884. Cuskadon had been elected as his successor, and his right to the office was complete whenever he received his certificate and qualified, unless he abandoned the right. *State,*

*ex rel.,* v. *Bemenderfer,* 96 Ind. 374. Barlow was not, therefore, at the time of the passage of the act, a commissioner holding office, whose successor had not been elected. Cuskadon was a commissioner elect, and might commence service upon receiving his certificate and endorsing thereon his oath of office, the term into which he was elected having commenced August, 1884.

It is argued that the act of March 7th, 1885, is prospective, and, therefore, does not apply to the case in hand.

The principles of prospective and retrospective legislation, in the sense insisted upon, are not involved. If, however, the act was merely prospective, it would not aid the appellee. Under the law as it stood before the act referred to was passed, his term was at an end, and his successor was elected and qualified when he demanded the office, and unless Cuskadon's right to the office is defeated upon some other ground, he was clearly entitled to it without regard to the act of March 7th, 1885. As we have seen, this act did not defeat his right or enlarge that of the appellee.

It was error to sustain the demurrer to the information. Judgment reversed, with costs.

Filed Nov. 17, 1885.