Parcel *v.* The State, *ex rel.* Lowrey.

Filed March 16, 1887.

———————◆———————

No. 13,546.

## PARCEL *v.* THE STATE, EX REL. LOWREY.

COUNTY COMMISSIONERS. — *Vacancy.* — *Election to Fill.* — *Commencement of Term.*— *Certificate of Election.*—Where a county commissioner is ·elected to fill a vacancy, he holds during the unexpired term of his predecessor only, and where he is elected to succeed himself his term under the latter election begins immediately upon the expiration of the preceding term, without regard to the date of commencement fixed in his certificate of election, and his term is not extended by his failure to qualify until the latter date.

SAME.—*Failure to Elect.* —*Holding Over.*—Where the term of a county commissioner who was elected in 1882 expired in December, 1885, but no person was elected in 1884 to succeed him, he was entitled to hold over until his successor was elected and qualified; and where a successor was elected in 1886, under the provisions of section 4678, R. S. 1881, to fill the vacancy, the latter is entitled to the office immediately upon qualifying, but for the unexpired term only.

Parcel *v.* The State, *ex rel.* Lowrey.

SAME.—*Act of 1885.—Construction.*—The effect of the act of March 7th,. 1885, regulating the terms of office of county commissioners, was such as to give commissioners then holding, whose terms had become confused and had been unlawfully encroached upon by others, and whose successors had not then been elected, the right to hold three years, and if that period expired leaving a fraction of a term, they are entitled to hold such fraction to the end of the regular term of their respective districts, and until their successors have been elected.

From the Pulaski Circuit Court.

*N. L. Agnew* and *B. Borders*, for appellant.

MITCHELL, J.—This proceeding was commenced on the 10th day of December, 1886, by an information in the name of the State, on the relation of Robert A. Lowrey, against. Clark R. Parcel, to test the right of the latter to hold the office of county commissioner for the third district of Pulaski county.

After the issues were joined, the case was tried upon an agreed statement of facts. The material facts as they appear upon the record are, in substance, as follows: The board of commissioners of Pulaski county was organized pursuant to law, on the 27th day of May, 1839. According to the organization of the board, the first commissioner for the third district held his office for the period of one year, or until the 27th day of May, 1840. From 1840 until 1882, the regular succession was maintained without interruption. In May, 1880, Martin Seely, who had been duly elected and qualified, and whose term commenced in 1879 and ended in 1882, died while serving in the office of commissioner. Clark R. Parcel was thereupon appointed to fill the vacancy. In October, 1880, the relator, Lowrey, was elected to fill out Seely's unexpired term. In November, 1882, he was re-elected as his own successor. The clerk's certificate issued to Lowrey in pursuance of this last election, recited that he was elected for a term commencing October 14th, 1883. This was one year later than the actual commencement of his term. The relator assumed to hold under his first elec-

tion until October 2d, 1883, at which time he took the oath of office under the certificate last issued, and continued in the office until the 6th day of December, 1886. At the November election in 1886, Parcel was elected commissioner for the third district. After receiving his certificate and qualifying according to law, he demanded his seat, on the 6th day of December, 1886. The relator refused to surrender, but the other commissioners admitted Parcel to his seat, and recognized him as the lawful member. In this way the relator was excluded from the board.

Upon consideration of the admitted facts, the learned court below gave judgment that the relator was wrongfully excluded, and that the appellant was a usurper in the office. From this judgment the appeal before us has been taken.

As the appellee has not favored us with a brief or other argument of the case, we are not advised as to the theory upon which the court below proceeded, except as stated in the brief of appellant.

The scheme for the organization of boards of commissioners is such, that the term of one commissioner on each board expires, and the term of one commissioner elect commences, each year. This was the policy of the first law under which boards were organized. It is more plainly the policy of the act of March 7th, 1885.

The regular order had been observed without interruption in the district in question from the organization of the board, until during the term commencing in the year 1882, and ending on the first Monday in December, in 1885.

The relator, Lowrey, was first elected in October, 1880, to fill out the unexpired term made vacant by the death of Seely. This term commenced in 1879, and ended in 1882. The election of Lowrey in 1880 only authorized him to hold the unexpired term of Seely. *Parmater* v. *State, ex rel.,* 102 Ind. 90.

In November, 1882, the relator was elected his own successor. His second term commenced immediately after his

election, and proper notification thereof.  This was so, because the preceding term, into which he had been elected, had expired.  That his certificate, issued by the clerk, erroneously stated that his second term did not commence until October, 1883, could not change the law, nor in any manner interrupt or affect the regular succession or length of the terms.  The second term into which Lowrey had been elected expired on the first Monday in December, 1885, and if his successor had been elected in November, 1884, as he should have been, and had qualified, the right of such successor to the office would have been clear.

But, according to the agreed statement of facts, it does not appear that any one was elected at the November election in 1884; hence, at the expiration of Lowrey's second term, no successor having been elected and qualified, he continued rightfully to hold over until his successor was elected and qualified.  No election having taken place in 1884 to fill the term which was to commence in 1885, that term remained vacant, except as the relator occupied it under his right to hold over until the election and qualification of his successor. The term being thus vacant, it came under the provision of section 4678, R. S. 1881, which required that at the general election in 1886, all " existing vacancies in office " should be filled, unless otherwise provided by law.  The question is, was it otherwise provided by law?

As we gather it from the appellant's brief, the relator prevailed in the court below, upon the theory that the act of March 7th, 1885, authorized him to hold until the end of the term he was holding at the time the act went into force, and until the end of the term which expires on the first Monday in December, 1888.  The result of this holding would be to give the relator two full terms for one election.  We can perceive no ground upon which this conclusion can be maintained, nor is there any other theory apparent to us, upon which the ruling and judgment below can be sustained.

The act referred to was not intended to change in any man-

ner the order of succession, or to lengthen the terms of county commissioners. Except to fix the first Monday in December as the date for the commencement of commissioners' terms, the act of March 7th, 1885, is almost wholly declaratory. "As applied to all districts where the regular succession had been observed, it did not effect, nor was it intended to effect, any change whatever, except to fix the first Monday in December as the commencement of the term." *State, ex rel.*, v. *Barlow*, 103 Ind. 563.

As was in effect said in the case cited, the act provided for two contingencies, or classes, in which the regular order had been interrupted, viz.: Commissioners then holding office, whose successors had not been elected, and such as were then commissioners elect, who might thereafter commence service at a period other than the beginning of a regular term. In respect to both of these classes, the act provided that such commissioners should hold three years from the time they commenced, or should commence service, and as much longer as should carry them to the end of a regular term, and until their successors were elected and qualified.

The relator having been elected his own successor in 1882, his second term of service must be deemed to have commenced at the regular period in 1882. He could not, by holding over after the expiration of his first term, and failing to qualify until one year of his second term had passed, extend the latter term, or make his second term commence at an irregular period.

The effect of the act of 1885 was such as to give commissioners then holding, whose terms had fallen into confusion, and had been unlawfully encroached upon by others, and whose successors had not then been elected, the right to hold three years, and if that period expired, leaving a fraction of a term, they were entitled to hold such fraction to the end of the regular terms of such districts, and until their successors had been elected and qualified.

There had been no encroachment or invasion of the re-

lator's second term, except as he undertook to extend his first term, by his own wrongful act or misconstruction of the law. He can not take advantage of that.

His three years of service in his second term expired with the end of the term, leaving no fraction. He simply held over one year into the next term, by reason of the fact that no successor had been elected and qualified. This he had the right to do. The appellant was elected in 1886, at a time when the law authorized the holding of an election to fill the vacancy occasioned by the failure to elect a commissioner in 1884. He has the right to the office for the unexpired term, and no longer.

The judgment is reversed, with costs.

Filed March 16, 1887.