Jones v. The State, *ex rel.* Snodgrass.

Judgment reversed.

Filed Oct. 22, 1887.

112 193
112 322
116 5
117 113
122 115

112 193
129 4

112 193
136 70

112 193
151 282

112 193
161 434

No. 12,904.

## JONES v. THE STATE, EX REL. SNODGRASS.

OFFICE AND OFFICER.—*Title to Office.*— *Quo Warranto.*— *Civil Remedy.*— *Pleading.*—An information in the nature of a *quo warranto*, when brought on the relation of an individual to establish his right to an office, is regarded in the light of a civil remedy, for the determination of a civil right, and its sufficiency is to be determined by the rules applicable to pleadings in civil actions.

SAME.—*Sufficiency of Information.*—The information must contain such a plain statement of the facts which constitute the grounds of the relator's claim as to make it affirmatively appear that he has title to the office in controversy.

PLEADING.— *Ambiguity.*— *Demurrer.*-- *Motion to Make Certain.*—Where a pleading contains a statement of all the facts essential to constitute a cause of action, although in general and ambiguous terms, it is good on demurrer, but may be made more certain on motion.

COUNTY COMMISSIONER.—*Term of.*—*Applies to Office, Not to Person.*— The

term of county commissioner applies to the office, and not to the person, and it ends with the expiration of each period of three years, regardless of the time when the officer commenced service in the term to which he was elected.

SAME. - *Confusion in Terms.*—*Act of 1885.*—J. was elected county commissioner in 1882. By reason of the encroachments of predecessors the term to which he was elected expired in November, 1883. S. was elected to the same term in 1884.

*Held*, that under the act of March 7th, 1885, S., as the commissioner-elect, was entitled to take possession and serve three years, and to the end of the regular term of the district.

SAME.—*Commissioner-Elect.*— *Who is.*—A commissioner who received a majority of the votes at an election held according to law is a commissioner-elect within the meaning of the act of 1885, whether he has received his certificate of election or not.

From the Delaware Circuit Court.

*C. E. Shipley, R. S. Gregory* and *A. C. Silverburg,* for appellant.

*J. R. McMahan, T. F. Rose* and *E. M. White,* for appellee.

MITCHELL, J.—This was a proceeding by the State, on the relation of Robert M. Snodgrass, challenging the right of Charles E. Jones to continue in the office of county commissioner for the first district in Delaware county.

A demurrer was overruled to the complaint or information, the material averments of which are that at the general election holden in November, 1884, the relator, an elector residing in the first commissioner's district of Delaware county, and eligible to the office of county commissioner, was duly elected, by receiving the highest number of votes cast at such election, to the office of county commissioner for the district mentioned.

It is averred that the relator was elected as the successor of the defendant, who was elected at the general election holden in 1882, and who took possession of the office on the 18th day of November, 1882, and whose term of office, it is alleged, expired on and prior to the 21st day of November, 1885, at which date the relator received his certificate of election and qualified according to law.

Jones *v.* The State, *ex rel.* Snodgrass.

The information concludes with the averment that, although the relator has been ready and willing to enter upon the duties of the office, the defendant wrongfully and unlawfully usurps and intrudes into the same.

It is urged as an objection to the complaint that, instead of stating the facts upon which the relator bases his title, or which show that he is eligible to hold the office, the information merely states inferences and conclusions.    There is much force in the objection.

The essentials of an information in a proceeding such as this are, that it contain such a plain statement of the facts which constitute the grounds of the relator's claim as makes it affirmatively appear that he has title to the office in controversy, so as to " show his interest in the matter." Sections 1133, 1134, R. S. 1881 ; *Reynolds* v. *State, ex rel.,* 61 Ind. 392.

While there is no essential fact omitted from the information under consideration, the facts are, nevertheless, stated in a manner entirely too general to furnish an example of good pleading.    It is alleged therein that the relator was an elector of the county of Delaware, residing in the first district, and that he was eligible to the office of county commissioner. This averment shows the eligibility of the relator in such a manner as to leave no room for criticism in that regard.    The statement of facts showing the grounds of his title is open to more serious objection.    Since, however, the fact is stated that the relator received the highest number of votes cast at an election lawfully held in November, 1884, to fill the office in dispute, and that he was duly elected and qualified as the successor of the defendant, whose term had expired prior to November, 1885, we are constrained to hold that the information sufficiently shows the relator's title to withstand a demurrer.    *Parmater* v. *State, ex rel.,* 102 Ind. 90.

An information in the nature of a *quo warranto,* when brought on the relation of an individual to establish his right to an office, is regarded in the light of a civil remedy, in-

voked for the determination of a civil right, and its sufficiency is to be determined by the rules applicable to pleadings in civil actions.    High Extraordinary Remedies, section 710.

Where a pleading contains a statement of all the facts essential to constitute a cause of action, although such facts may be stated in general, indefinite or ambiguous terms, it is nevertheless good as against a demurrer, notwithstanding a motion to make more certain and specific might be entertained, with propriety.   *Louisville, etc., R. W. Co. v. Jones,* 108 Ind. 551, and cases cited.

The only other question made by the appellant relates to the ruling of the court in overruling a demurrer to the relator's reply to the defendant's answers.

It appears from the reply that the board of commissioners of Delaware county was originally organized in August, 1830, and that the first term of the commissioner for the first district ended in August, 1832.   Taking the year 1832, therefore, as the initial point, and calculating periods of three years consecutively therefrom, and it necessarily follows, regardless of what confusion may have ensued meanwhile, that a regular term of the office of commissioner for the district in question expired in 1883.   It appears from the reply that the holdings from 1875 and onward had been confused and irregular, and that when the defendant took possession of his term in November, 1882, his predecessor had already occupied two years of the term into which the defendant had been elected.   As the term of county commissioner is fixed by law in such a manner that it applies to the office and not to the person, no amount of confusion in the holding can change the term, which expires with the expiration of each period of three years, regardless of the time when the officer commenced service in the term to which he was elected. *State, ex rel., v. Barlow,* 103 Ind. 563; *Parmater v. State, ex rel., supra,* and cases cited.

Jones *v.* The State, *ex rel.* Snodgrass.

The facts stated in the reply make it certain that the term into which the defendant was elected expired in November, 1883. His predecessor had occupied two years of the term before he was elected and admitted to possession. This, however, did not give the defendant title to the succeeding term, or authorize him to hold therein longer than until a successor for that term might be elected and qualified. The relator was properly elected as his successor in November, 1884, the current term being then vacant, except as the defendant occupied it under his right to hold over. When the act of March 7th, 1885, took effect, the defendant was a commissioner in office, whose term had expired, and whose successor was then elected. By the very terms of the act, the relator, as the commissioner-elect, was entitled to take possession of the term, and then " begin his service as commissioner " and " serve three years and to the end of the regular term of said district, and until his successor is elected and qualified," so as to restore the regular order. *Parcel* v. *State, ex rel.*, 110 Ind. 122; *State, ex rel.*, v. *Barlow, supra.*

The effect of the act above referred to was to give to commissioners holding at the time of its passage, whose terms had fallen into confusion and had been wrongfully encroached upon, and whose successors *had not then been elected*, the right to hold three years from the time they actually commenced service, and if that time expired, leaving a portion of a term, they were entitled to hold to the end thereof. So, also, commissioners *then elect*, who had been crowded out by encroachment, were entitled to take their terms, if that of the commissioner holding had expired, and they became entitled to hold three years from the time they might begin ; and if that period expired, leaving a fraction, they were entitled to hold it out. In this way the original purpose of the law was to be practically restored.

A commissioner who received a majority of the votes at an election holden according to law is a " commissioner-elect "

within the meaning of the act of 1885, whether he had received his certificate of election or not.

The holding of the circuit court was consonant with the conclusions above, and was therefore not erroneous.

Judgment affirmed, with costs.

Filed Oct. 20, 1887.