The State, *ex rel.* Beard, Prosecuting Attorney, *v.* Clendenning.

No. 14,201.

## THE STATE, EX REL. BEARD, PROSECUTING ATTORNEY, *v.* CLENDENNING.

COUNTY COMMISSIONER.— *Term of Office.*—*Act of 1885.*—C. was elected county commissioner in 1884. The regular term in the district for which he was elected expired in December of that year, but by reason of confusion which had resulted from the resignation of a prior commissioner, C.'s predecessor held until December, 1885, when C. entered upon his official duties. H. was elected to the same office in 1886, and claims that he was entitled to possession in December, 1887.

*Held*, that C.'s right to hold did not terminate in December, 1887, but that, under the act of March 7th, 1885 (Acts of 1885, p. 69), he is entitled to hold until December, 1890, the end of the current term.

From the Clinton Circuit Court.

*S. H. Doyal* and *P. W. Gard*, for appellant.

*T. H. Palmer* and *W. F. Palmer*, for appellee.

MITCHELL, J.—Information in the nature of a *quo warranto* by the State, on the relation of the prosecuting attorney of the 45th judicial circuit, calling in question the right of Arthur J. Clendenning to continue in the office of county commissioner for the second district in Clinton county, and alleging that Hugh R. Hamilton had been duly elected and qualified, and was then entitled to hold and discharge the duties of that office.

The respondent answered to the effect that the board of commissioners of Clinton county was first organized in May, 1830, and that it was determined, according to the method prescribed by the law then in force, that the first term of the commissioner for the second district should expire in the year 1833. It is averred that from 1833 until 1867 the several successive commissioners in the second district held their terms regularly, but that from 1867 until the date of the commencement of the suit, by reason of the resignation

of a commissioner, the terms had been held irregularly, each commissioner holding over one year into the term of his successor. The answer shows that the respondent was elected at the general election in November, 1884, but that, by reason of the confusion theretofore existing in the manner of holding in the second district, his predecessor continued in office three years, and until the first Monday in December, 1885, at which time the respondent took possession of the office, his predecessor having thus encroached one year on his term. Hamilton was elected at the general election in November, 1886, and claimed the right to enter upon the duties of the office on the first Monday of December, 1887. The question is whether or not the respondent's right to hold terminated on the first Monday of December, 1887, that being the end of a regular term, or whether, under the act of 1885, he is entitled to hold until the first Monday in December, 1890, the end of the current term.

As will be seen, the first commissioner's term in the second district expired in the autumn of 1833. Taking the expiration of the first term as the initial point, and calculating consecutive periods of three years, it necessarily follows that a regular term for the district in question expired in the autumn of 1884, another on the last day of November, 1887, and that the current term will expire on the last day of November, 1890. The respondent was elected in November, 1884, and was lawfully entitled to commence service as soon as he was elected and qualified. Under the practice that prevailed in that district, however, since 1867, his predecessor encroached upon his term and was occupying the office when the act of March 7th, 1885, took effect. When that act took effect the respondent was a commissioner-elect, whose predecessor was then holding the office by encroachment on his term. It was declared in the act of 1885 that "each commissioner-elect who shall hereafter, but prior to the end of the regular term, as provided in this act, for the district for which he was elected, begin his service as com-

missioner, shall serve three years and to the end of the regular term of said district, and until his successor is elected and qualified." Acts of 1885, p. 69.

By the very terms of the above act, the respondent was entitled, as a commissioner-elect, to begin his service as commissioner, the term of his predecessor having expired, and to serve three years, and to the end of the regular term in the second district. Having the right to serve three years from the time of commencing service, which carried him to December, 1888, a point which left a fraction of a term, he is now, within the very words of the statute, entitled to serve to the end of the current regular term. *Jones* v. *State, ex rel.,* 112 Ind. 193; *Parcel* v. *State, ex rel.,* 110 Ind. 122; *State, ex rel.,* v. *Barlow,* 103 Ind. 563.

The distinction between the present case and *Parcel* v. *State, ex rel., supra,* is, that in the case cited there had been no irregularity or confusion until the relator, who was his own successor, he having been elected in the first instance to fill out an unexpired term, sought to extend his term of service by failing to qualify as his own successor until one year of his second term had elapsed, thus creating confusion where none had existed before. We held in that case that the relator could not himself extend his first term one year beyond its specified time, and wrongfully encroach on his second or regular term, and thus by his own act create a state of things which would bring him within the letter of the act of 1885, and entitle him to hold three years and until the end of the next regular term.

As the ruling of the circuit court was in consonance with the views above enunciated, its judgment is affirmed, with costs.

Filed Jan. 25, 1889.