CITY OF HAMMOND v. MEYERS.

[No. 2,887.   Filed November 3, 1899.]

PLEADING.—*Complaint.*—*Motion to Make More Specific.*—*Practice.*—
A complaint will not be held bad on an assignment that it does not
state facts sufficient to constitute a cause of action, where the de-
fects could have been reached by a motion to make more specific.

From the Lake Superior Court.   *Affirmed.*

. *N. L. Agnew, D. E. Kelly, B. Borders* and *L. Becker,*
for appellant.

*W. A. Burritt, T. E. Bell, F. W. Burritt, J. W. Wart-
man* and *B. H. Miller,* for appellee.

HENLEY, J.—In this case the assignment of error presents
to the court one question:   Does the complaint state facts
sufficient to constitute a cause of action?   The complaint in
this case contains an allegation showing a duty owing by the
appellant to appellee, an averment that appellant failed to
perform that duty, and that the failure to perform such duty
was the natural and proximate cause of the damage sustained
by appellee.   These three necessary averments are fairly
deducible from the lengthy and disjointed statements of
facts contained in appellee's complaint.   It also appears from
the complaint that appellant is a corporation; that appellee
was damaged because of a defective street and sidewalk con-
structed by appellant, and of which defect appellant had
reasonable notice, and that appellee was himself without
fault.

We find the objections to the complaint pointed out by the
counsel for appellant are, in each instance, that some mate-
rial averment is not sufficiently definite, positive, or specific.
We think every objection made by appellant to the complaint
could have been remedied by a motion to make more specific,
and this would have been the proper practice.   *Cincinnati,
etc., R. Co.* v. *Gaines,* 104 Ind. 526, 54 Am. Rep. 334;
*Jones* v. *State,* 112 Ind. 193; *Cleveland, etc., R. Co.* v.
*Wynant,* 119 Ind. 539.   Judgment affirmed.