## City of Indianapolis v. Crans.

[No. 3,606.   Filed April 3, 1902.]

Pleading. — *Personal Injuries.* — *Municipal Corporations.* — *Defective Streets.*—A complaint against a city for personal injuries caused by stepping into a gutter made by the flow of surface water because of defective drainage is insufficient where it is not alleged that the street on which the injury was caused was within the corporate limits of defendant city. *pp. 585, 586.*

Same.—*Personal Injuries.*—*Municipal Corporations.*—*Defective Streets.*— An averment in a complaint in an action against a city for personal injuries caused by defective streets that plaintiff had resided in defendant city twenty years last past, and at the date named was walking on a certain named street, does not locate the street in the defendant city. *p. 586.*

Municipal Corporations. —*Defective Streets.*—*Personal Injuries.*— *Pleading.*—Municipal corporations are only required to maintain public streets in a reasonably safe condition for travelers when they are within their corporate limits, and this obligation must appear from the averments of the complaint in an action for personal injuries caused by a defective street. *p. 586.*

City of Indianapolis *v.* Crans.

PLEADING. — *Personal Injuries.* — *Municipal Corporations.* — *Defective Streets.*—An averment in a complaint in an action against a city for personal injuries caused by defective drainage of certain streets, that the drainage and grading of such streets "was faulty and imperfect and insufficient properly to carry off the rainfall on said avenues, as the defendant well knew," would apply to a private way which had never been dedicated to the public as well as to a public street, and is not sufficient to show that the faulty drainage was caused by the fault of defendant. *pp. 586, 587.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Action by Margaret E. Crans against the city of Indianapolis for damages on account of personal injuries sustained because of a defective street. From a judgment for plaintiff, defendant appeals. *Reversed.*

*John W. Kern* and *J. E. Bell,* for appellant.
*G. A. Deitch* and *D. W. Howe,* for appellee.

COMSTOCK, C. J.—Appellee sued appellant to recover damages on account of personal injuries occasioned by her stepping into a gutter, caused by the flow of surface water, at the intersection of the two streets named in the complaint. Upon trial of the cause she recovered a judgment for $400. The first error assigned and argued challenges the sufficiency of the complaint to state a cause of action. It is argued that the complaint contains no allegation to the effect that the place where the accident occurred was within the limits of the city of Indianapolis.

The complaint is as follows: "Margaret E. Crans complains of the City of Indianapolis and says: That she was a citizen of Indianapolis, and on September 1, 1896, about half-past eight o'clock, she was walking with her husband on Orange avenue across Hamilton avenue at the intersection of said avenues; that there had been heavy rainfalls on the 7th and 23rd days of August, and also during the months of May, June, and July of said year; that the drainage and grading of said avenues were faulty and imperfect and insufficient properly to carry off the rainfall on said avenues; that by reason of said faulty, imperfect, and in-

sufficient means of drainage, the water had caused an exca-
vation and washout to the depth of thirteen or fourteen
inches at said intersection, the north bank or side of the said
washout being perpendicular and dangerous and unsafe;
that the defendant had full knowledge of said washout and
of the unsafe condition of said avenue, or might have had
knowledge by the exercise of reasonable diligence and su-
pervision over said avenue; that said condition had existed
for some time prior to September 1, 1897, but that she
could not state how long; that the only light furnished at
said place was given by an electric light located on Hamilton
avenue, 350 feet south of said Orange avenue, and that
said light was insufficient to afford any warning to said plain-
tiff or to others passing on said avenue; that while walking
on said avenue, as aforesaid, holding the right arm of her
husband, who was to the north of her, and exercising all
caution, walking slowly and carefully and using her sense
of sight as best she could in said darkness, she, without any
fault on her part and without knowledge of the existence
of said excavation, stepped into it and was thrown violently
down causing a sprain to, and fracture of, the ankle and a
fracture of some of the bones of the foot", etc.

We find no averment that the street on which the plain-
tiff was injured was within the corporate limits of Indian-
apolis. The allegation that the appellee had resided in In-
dianapolis twenty years last past, and at the date named was
walking upon "Orange avenue across Hamilton avenue at
the intersection of said streets" does not locate those streets
in the city of Indianapolis.

Municipal corporations are only required to maintain
public streets in a reasonably safe condition for travelers
when they are within their corporate limits, and this obliga-
tion must appear from the averments of the complaint. *Ev-
ansville, etc., R. Co.* v. *Griffin,* 100 Ind. 221, 50 Am. Rep.
783; *Thiele* v. *McManus,* 3 Ind. App. 132, and cases cited.

It is insisted that the complaint does not aver that the

defect was caused by the negligence of the appellant or that it was its duty to repair. It is averred that the "drainage and grading of said Orange and Hamilton avenues were faulty and imperfect and insufficient properly to carry off the rainfall on said avenues, as the defendant well knew", and that by reason of said faulty and imperfect means of drainage there was the excavation or washout, as set out, and the defendant had or might have had full knowledge of the dangerous condition of the avenue. The knowledge of the conditions charged would apply to a private right of way or private walks which had never been dedicated to the public as well as to a public street. The averment of facts is wanting showing that the faulty drainage was caused by the acts of omission or commission of appellant.

Counsel for appellee contend that the objections urged to the complaint are such as can only be taken advantage of by motion to make more specific, citing, *City of Hammomd v. Meyers*, 23 Ind. App. 235; *Jones* v. *State ex rel.*, 112 Ind. 193; *Louisville, etc., R. Co.* v. *Jones*, 108 Ind. 551. These and numerous other cases in this State are to the effect that "when a pleading contains a statement of all the facts essential to constitute a cause of action, although such facts may be stated in general, indefinite, and ambiguous terms it is nevertheless good as against a demurrer, notwithstanding a motion to make more specific might be entertained with propriety". All the essential facts are not averred in the complaint before us.

A cause of action should not be left to inference. "A pleading is to be liberally construed as to matters of form, but where in its statement of facts a pleading is ambiguous or defective it will be construed most strongly against the pleader". *State ex rel.* v. *Casteel*, 110 Ind. 174, and cases cited, at p. 187.

The other specification of error, to wit, that the court erred in overruling appellant's motion for judgment on the

answers of the jury to interrogatories need not be considered.

The trial court is directed to sustain appellant's demurrer to the complaint.

Judgment reversed.