# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1891, IN THE SEVENTY-FIFTH YEAR OF THE STATE.

---

### No. 16,048.

### BELL *v.* THE STATE, EX REL. SUMMERS.

COUNTY COMMISSIONERS.—*Term of Office.*—The act of March 7, 1885 (Acts 1885, p. 69), regulating the term of office of county commissioners, was not intended to change the order of succession, nor to lengthen the terms of county commissioners.

SAME.—*Duration of Term.*—An act approved February 17, 1838, required each county in the State, except those named in the act, to elect three commissioners for the county at the ensuing election, the person receiving the highest number of votes to serve for the term of three years, the person receiving the next highest two years, and the person receiving the next highest one year. The commissioners elected under the terms of this act organized September 3, 1838. The term of the commissioner from the second district, he having received the least number of votes, expired in one year. The regular succession was kept up until 1869. By reason of changing the elections from an annual to a biennial period, the successor of the commissioner from the second district was not elected until the second Tuesday of October, 1870. He held until 1873, and the three-year terms from this district have since been reckoned as beginning with the year 1870, instead of the year 1869. The act of March 1, 1885, provides that the term of office of county commissioners shall be three years, and shall begin on the first Monday in De-

cember, and the term of office of no two districts in the same county shall begin in the same year; and the year in which the term of office in each district shall begin shall be determined by calculating periods of three years from the end of the term for which the commissioner for the same district was elected upon the organization of the board of commissioners for the county.

*Held,* that the time of the commencement of the term of office of the commissioner from the second district is to be determined by counting periods of three years from the year 1839, when the term of the first commissioner from the second district expired; and that the term held by the previous commissioner from 1869 to 1870 was simply an encroachment on the term of his successor, and did not change the term of office.

From the Huntington Circuit Court.

*J. B. Kenner,* for appellant.

*L. P. Milligan, O. Whitelock* and *S. E. Cook,* for appellee.

COFFEY, C. J.—This action was brought in the Huntington Circuit Court, by the appellee against the appellant, to test the right of the latter to hold the office of county commissioner from the second district in said county. The court overruled a demurrer to the information in the cause, and, the appellant refusing to plead further, the appellee had judgment.

The material facts in the case, as they appear in the information are, substantially, that prior to 1834, the county of Huntington embraced the territory now included in the counties of Wabash and Whitley. While it embraced this territory a board of commissioners was organized on the 5th day of May, 1834.

In the year 1835, Wabash county was organized, and Whitley county was organized in the year 1838. On the 4th day of February, 1837, a special act of the Legislature was approved, abolishing the board of commissioners of Huntington county, and transferring all the business then pending before that body to a board consisting of the qualified justices of the peace of the county, which board of justices transacted the business of the county usually transacted by the board of commissioners, until the 17th

day of February, 1838. On that day a general act of·the Legislature was approved requiring each county in the State, except those named in the act, to elect three qualified commissioners for the county at the ensuing August election. The act provided that the person receiving the highest number of votes should serve for the term of three years, the person receiving the next highest two years, and the person receiving the next highest one year. Under the· terms of this act, John R. Emley, James R. Tanner and Joseph Wiley were elected as commissioners for Huntington county and organized on the 3d day of September, 1838.

Tanner was elected from the second district, and having received a less number of votes than either of the other two, his term of office expired in one year. His successor was duly elected and held for the period of three years, and the regular succession was kept up until 1869.

In the year 1866, John Brubaker was elected from the second district, but, by reason of changing the elections from an annual to a biennial period, his successor was not elected until the second Tuesday of October, 1870. Brubaker's successor held until 1873, and the three-year terms from this district have since been reckoned as beginning with the year 1870, instead of the year 1869. The appellant was elected as county commissioner from this district at the November election in the year 1884. At the November election in 1888 he was elected his own successor. At the November election in the year 1890 the relator was duly elected as county commissioner for the second district, and has qualified and made the necessary demand for his office, claiming that the appellant's term expired on the first Monday in December, 1890. The appellant claims that his term of office will not expire until the first Monday in December, 1891.

Section 1934, Elliott's Supplement, provides that the term of office of county commissioners shall be three years, and shall begin on the first Monday in December, and the term

of office of no two districts in the same county shall begin in the same year; and the year in which the term of office of each district shall begin shall be determined by calculating periods of three years from the end of the term for which the commissioner for the same district was elected upon the organization of the board of commissioners for the county. This act was approved on the 7th day of March, 1885.

It has always been the legislative policy in this State to so organize the boards of county commissioners as that one member should retire each year. The term of office is applied to the office itself, and not to the person filling it. The act of 1885 was not intended to change the order of succession, nor to lengthen the terms of county commissioners. Except to fix the first Monday of December as the date for the commencement of the term, the act is wholly declaratory. As applied to districts where the regular succession had been observed, it did not effect any change whatever except to fix the first Monday in December as the commencement of the term. *Parcel* v. *State, ex rel.*, 110 Ind. 122; *State, ex rel.*, v. *Barlow*, 103 Ind. 563; *Jones* v. *State, ex rel.*, 112 Ind. 193; *Parmater* v. *State, ex rel.*, 102 Ind. 90; *State, ex rel.*, v. *Bell*, 116 Ind. 1.

Counting periods of three years from the year 1839, when Tanner's term expired, the appellant's term ended and the relator's term began on the first Monday in December, 1890.

The time held by Brubaker from 1869 to 1870 was simply an encroachment on the term of his successor, and did not change the term of the office.

It is contended by the appellant, however, that the periods should be counted from the year 1834, when the first board of commissioners was organized in Huntington county. It is evident that we could not adopt this mode of computation without disturbing the succession fixed by the law under which the present board of commissioners of Huntington county was organized. As we have seen, it was not

the intention of the act of 1885 to disturb the regular successions as fixed by law, but to fix a rule by which disputes as to the succession might be settled and litigation prevented.

We think the periods should be counted from the time when Tanner's term expired.

The court did not err in overruling the demurrer to the information in this cause.

Judgment affirmed.

Filed Sept. 15, 1891.