## STATE OF INDIANA, EX REL. MAXWELL *v*. ELLIS.

[No. 23,094. Filed June 29, 1917.]

1. TOWNS.— *Terms of Trustees.— Statute.— Conflicting Provisions.—Construction.—*For the purpose of reconciling the conflicting provisions of the act of 1909, Acts 1909 p. 359, as to the terms of trustees in towns having an "even" number, the word "even" in the later provision of the act is held to mean "uneven." p. 442.

2. TOWNS.—*Terms of Trustees.—Statute.—Construction.—*The provision in the act of 1909, Acts 1909 p. 359, · that in towns having an uneven number of trustees "one less than half of such trustees receiving the highest number of votes shall serve four years" and the remainder for two years, is construed as meaning the whole number just below the fractional one-half, in view of the evident purpose of the act to so fix the town trustee's term of office throughout the state that the terms of approximately one-half of the members of each board should expire every two years, and because a compliance with the provision, if literally construed, would be impossible. p. 442.

3. TOWNS.—*Trustees.—Extending Term of Office.—Statute.— Constitutionality.—*The provision of the act of 1911, Acts 1911 p. 71, §8988 Burns 1914, amending the act of 1909, Acts 1909 p. 359, and changing the term of office of one trustee from two to four years in towns having an uneven number of trustees is void, since an act of the legislature which purports to extend the term of present incumbents in office is in violation of Art. 15, §2, of the Constitution. p. 444. ·

4. TOWNS.—*Terms . of Trustees.—Time of Election.—Statute.—*The act of 1909, Acts 1909 p. 359, definitely fixed not only the length of the term of town trustees but also the · dates of its commencement and expiration, so that the fact that a particular incumbent is not elected at the proper time does not interrupt or affect the regular succession of the length of such terms. p. 445.

5. TOWNS.—*Trustees.—Terms of Office.—Time of Election.—Statute.—*Under the act of 1909, Acts 1909 p. 359, where a town trustee was elected in 1909 for a term of. two years and no election was held in 1911, he became a hold-over member of the board serving part of a new term which began on the first Monday in January, 1912, so that the election of a successor to such trustee in 1913 was only for the unexpired portion of that term, and another regularly elected to that office in 1915 was entitled thereto from and after January 3, 1916. p. 445.

From Fountain Circuit Court; *L. E. Schoonover,* Judge.

Information in *quo warranto* by the State of Indiana,. on the relation of Edward Maxwell, against James W. Ellis. From a judgment for defendant, the relator appeals. *Reversed.*

*A. F. Livengood,* for appellant.
*O. S. Douglass,* for appellee.

SPENCER, J.—On November 2, 1909, John A. Wilt, Jacob T. Hesler and Elsworth Snyder were duly elected as trustees for the incorporated town of Hillsboro, in Fountain county. Their election was had pursuant to the provisions of the act of 1905, concerning municipal corporations (Acts 1905 p. 219, §3767 *et seq.* Burns' Supp. 1905), of which §14, as amended in 1909, provided, in part, that: "The term of trustee shall be four years and the term of the clerk, treasurer and marshal shall be two years The officers chosen at the first election, hereinbefore provided for, shall hold their offices until the first Monday of January following the next regular town election, and until their successors are elected and qualified. On the first Tuesday after the first Monday in November, in the year 1905, and on the same day every two years thereafter, there shall be held an election in each town in this state for the election of the elective officers of such town; * * *. The officers elected on the first Tuesday after the first Monday in November, 1905, shall hold their respective offices from the termination of the terms of their respective predecessors until the hour of twelve o'clock noon of the first Monday in January, 1910; at the expiration of the terms of the present incumbents as elected by the law heretofore in force, and following the election and qualification of the officers elected at such regular

town election on the first Tuesday after the first Monday of November, 1905, all town officers then in office shall forthwith turn over their respective offices to their successors so elected and qualified,  *  *  *  and the terms of such new officers shall continue until 12 o'clock at noon on the first Monday of January, 1910, and thereafter the terms of all town officers elected at any regular election shall begin at noon on the first Monday of January following their election and qualification, and shall continue four years thereafter: *Provided, however,* That in towns having an even number of trustees, one-half of the persons of any such town that receive the highest number of votes at the regular election in 1909 shall be regarded as elected thereto for a period of four years and the other half for a period of two years, and in towns having an *even* number of trustees, one less than half of such trustees receiving the highest number of votes shall serve for four years and the remainder for two years. Thereafter the term of office of all trustees shall be four years." Acts 1909 p. 359.

It is apparent that, as quoted, the last proviso in the above act is ambiguous in its meaning, but, from the context, we are led to the obvious conclusion that

1. the word "even" which we have italicized therein should be made to read "uneven," and this conclusion is strengthened by the fact that in 1911, the legislature attempted so to amend the statute. Acts 1911 p. 71, §8988 Burns 1914; *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161; *Clare* v. *State* (1879), 68 Ind. 17, 25; 2 Lewis' Sutherland, Statutory Construction (2d ed.) §383.

Our next inquiry is to determine what is meant by the provision, as amended, that "in towns having

2. an uneven number of trustees, one less than half of such trustees receiving the highest number of

votes shall serve for four years and the remainder for two years." Since one-half of an uneven number is necessarily fractional and, in an exact sense, one less than one-half of such number is also fractional, it is evident that a literal interpretation of the clause under consideration would lead to an absurd result and is, therefore, to be avoided. The apparent purpose of the entire proviso is so to fix the town trustee's term of office throughout the State that the terms of approximately one-half of the members of each board should expire every two years. Boards with an even number of members are susceptible of exact division, and the statute so provides, while in boards having an uneven number of members, the whole number just above or below the mathematical one-half most closely approximates the same. The statute, however, provides that a number of trustees less than one-half shall serve in the first instance for four years and we are, therefore, led to the conclusion that the whole number just below the fractional one-half is intended. Applying this interpretation of the statute to the election of 1909 in the town of Hillsboro, it appears that Elsworth Snyder, who received the highest number of votes, was elected trustee for the term of four years and Messrs. Hesler and Wilt were elected for terms of two years each. In the year 1911, however, no election was held in the town of Hillsboro and Messrs. Wilt and Hesler held over as members of the board of trustees from the first and second wards, respectively. In the month of December, 1912, Jacob T. Hesler died while holding such office and appellee was thereafter duly elected to fill the vacancy in the board, under the provisions of §8991 Burns 1914, Acts 1911 p. 5, until the general town election of November 4, 1913, at which time he was the successful candidate for the same office. Two years later, at the general town election of November 2, 1915, the relator

herein, as candidate for town trustee from the second ward in the town of Hillsboro, received the highest number of votes cast for that office, and thereafter brought this action in *quo warranto* to compel a surrender of such office to him by appellee. His complaint sets out, in substance, the same facts as are stated above and the questions presented for decision arise out of the trial court's action in sustaining a demurrer to that pleading.

In support of the ruling below, appellee relies chiefly on the act of 1911 in which the legislature attempted to amend the act of 1909 above set out, and provided, in part: "That in towns having an even number of trustees, one-half of the persons of any such town that received the highest number of votes at the regular election in 1909 shall be regarded as elected thereto for a period of four years and the other half for a period of two years, and in towns having an *uneven* number of trustees, a *majority* of such trustees receiving the highest number of votes shall serve for four years and the remainder for two years." (Our italics.) Acts 1911 p. 71, *supra*. It will be noted, on comparison of the act of 1909 with the act of 1911, that the only material changes made by the latter enactment serve, on the one hand, to correct obvious errors in the earlier statute and, on the other, to change the term of office of one trustee in every town having an uneven number of trustees, by extending such term from two to four years, and it is in the latter particular that the act of 1911 would most vitally affect the issues here presented. It is well settled, however, that an act of the legislature which purports to extend the term of present incumbents in office is in violation of the Constitution, Art. 15, §2, and to that extent, at least, it is void. *Spencer* v. *Knight* (1911), 177 Ind.

State, ex rel. *v.* Ellis—186 Ind. 440.

564, 576, 98 N. E. 342; *State, ex rel.* v. *Mount* (1898), 151 Ind. 679, 684, 51 N. E. 417, 52 N. E. 407.

In determining the issues at bar, then, we are to be governed by the law as amended in 1909, which in its effect, provided for the election of a trustee for the 4. second ward in the town of Hillsboro in November, 1909, in November, 1911, and every four years thereafter. The statute thus definitely fixes not only the length of the term but also the dates of its commencement and expiration, and under such circumstances the fact that a particular incumbent is not elected at the proper time does not interrupt or affect the regular succession or the length of such terms. *Bell* v. *State, ex rel.* (1891), 129 Ind. 1, 4, 28 N. E. 302; *Parcel* v. *State, ex rel.* (1887), 110 Ind. 122, 125, 11 N. E. 4; 23 Am. & Eng. Ency. Law (2d ed.) 418.

Jacob T. Hesler, as a hold-over member of the board of trustees, was, after the first Monday in January, 1912, serving a part of a new term which began on 5. that date and appellee's election in 1913 was only for the unexpired portion of that term. *Bell* v. *State, ex rel., supra,* 4. The relator herein appears to have been regularly elected to the office for the term beginning at noon on January 3, 1916, and he was entitled to such office from and after that date.

Judgment reversed, with instructions to overrule appellee's demurrer to the complaint and for further proceedings not inconsistent herewith.

NOTE.—Reported in 116 N. E. 737. Public office, power of legislature to extend term, 13 Ann. Cas. 160; 29 Cyc 1397.