## Seitz v. Mosier et al.

[No. 24,087. Filed October 24, 1922.]

1. MUNICIPAL CORPORATIONS.—*Election of Officers.—Statute Repealing Provisions for Town Elections.—Constitutionality.*—Acts 1911 p. 71 (§8988 Burns 1914), amending Acts 1905 p. 221, §14, as amended by Acts 1909 p. 359, §1, by eliminating provisions for holding town elections, is constitutional, in view of Art. 15, §1 of the Constitution as to the selection of certain officers. p. 420.

2. MUNICIPAL CORPORATIONS.—*Election of Town Officers.—Validity.—Lack of Constitutional Authority.*—There being neither statutory nor constitutional authority for the election of town trustees in 1915, an election of such officers in that year was void. p. 420.

3. CONSTITUTIONAL LAW.—*Retrospective Legalizing Statutes.—Validity.—Powers of Legislature.*—If the thing wanting, or which was not done, and which constitutes the defect in the proceedings, is something which the legislature might have dispensed with by a prior statute, it is not beyond the power

of the legislature to cure the defect by dispensing with it by a subsequent statute. p. 421.

4. CONSTITUTIONAL LAW.—*Legalizing Statutes.—Validity.*—Although the legislature has power to cure irregularities and defects which do not go to the essence of a proceeding, it is the general rule that, where an act, proceeding, or transaction is void for lack of power to do it, and not merely voidable on account of some formal defect, it cannot be cured by legislative action. p. 421.

5. CONSTITUTIONAL LAW.—*Void Election.—Legalizing Statute.—Validity.*—As an election of town officers in 1915 was void because held without either statutory or constitutional authority, Acts 1917 p. 100 is invalid in so far as it undertakes to legalize the election of town officers in that year. p. 421.

From Clark Circuit Court; *Evan B. Stotsenberg,* Special Judge.

Action by John Seitz against Paul E. Mosier, Jr., and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Robert R. Kelso* and *Charles D. Kelso,* for appellant.
*Claude B. McBride* and *Jonas G. Howard,* for appellee.

EWBANK, J.—Since it appears from an examination of the briefs of counsel that there is a constitutional question duly presented for decision, the order transferring this cause to the Appellate Court, made upon the facts stated in the petition to advance, is set aside and annuled.

In 1905 an "act concerning municipal corporations" was passed, which provided a method by which towns might be incorporated and divided into wards, not less than three nor more than seven in number, and enacted that the elective officers of every town should include, among others, one trustee elected from the residents of each ward, and that on the first Tuesday after the first Monday in November, 1905, and every fou.· years thereafter, such trustees should be elected, and should

hold office for terms of four years from the first Monday in January following their election, respectively. Acts 1905 p. 219, §§10, 14.

In 1909 this act was amended in certain particulars, including an amendment of §14, by adding a proviso that in towns having an even number of trustees, one-half of the persons receiving the highest number of votes as trustee at the regular election in 1909, should be regarded as elected for four years, and the other half as elected only for two years, and that in towns having an uneven number of trustees half of one less than the whole number should serve four years, and the remainder two years. Acts 1909 p. 359, §1; *State, ex rel.* v. *Ellis* (1917), 186 Ind. 440, 442, 116 N. E. 737

In 1911, the said §14 was again amended in certain particulars not involved in this appeal, and also by eliminating all provisions for holding elections in towns at any time for any officers whatever. §8988 Burns 1914, Acts 1911 p. 71.

But the town of Clarksville, which had five trustees, continued to go through the form of holding elections under the provisions of the act of 1909, each second year thereafter, in 1911, 1913, and 1915, respectively, and the trustees elected for each of the second and third wards in 1909, were continued in office, assuming to qualify for a new term after the election in 1913. But after the election in 1915, persons other than the trustees elected in 1909, qualified as trustees from the first, fourth and fifth wards, having received a majority of the votes cast for candidates from those wards in 1915.

In May, 1917, an act amending the amended §14 took effect, which provided that an election for town officers should be held in November, 1917, and each two years thereafter, and that in towns having an uneven number of trustees, the majority of the persons receiving the

highest number of votes for trustee at the election in 1917 should serve four years, and the remainder two years, and "thereafter the term of office of all trustees shall be for four years," and also containing the following provisions: "That in any town where an election for trustees and other officers was held in November, 1915, said election, and the acts of such trustees and other officers are hereby legalized and made valid * * * Provided, * * * that where any town held an election in November, 1915, and certain trustees were considered elected for * * * four years from the first Monday in January, 1916, said trustees shall hold their office for the term for which they were elected, and no election shall be held for their successors in November, 1917." §8988 Burns' Supp. 1921, Acts 1917 p. 100. No election at all was held in Clarksville in 1917, but the two trustees who had been elected in 1909, and returned as re-elected in 1913, for the first and third wards, and the three trustees who had been returned as elected in 1915, for the second, fourth and fifth wards, continued to act as trustees until after the election in 1919. At the election in 1919, appellant was elected as trustee for the third ward, the trustee from which had been in office continuously since 1909, appellant being one of the three candidates each of whom received at the election in 1919, more votes than the other two successful candidates.

Two years later, in 1921, appellee proposed himself as a candidate for trustee from the third ward, received more votes than any other candidate for that ward, gave bond and took the oath, and with the help of the town clerk and two of the other trustees threatened and attempted to take possession of the office of trustee from the third district, and to exclude appellant therefrom. Appellant alleged these facts in his complaint, and the court made a special finding of facts, which recited them,

with other facts showing both appellant and appellee to be eligible for said office of trustee and to have duly qualified. Upon such facts the court stated conclusions of law to the effect that appellant was elected in 1919, to fill an unexpired term ending two years later; that appellee was duly elected in 1921, for a term of four years; that appellant was entitled to no relief; and that appellee should recover his costs. Judgment was rendered in conformity with the conclusions of law.

The first question for decision is whether or not the election in 1915, was valid, or was made valid, or was void as being held without authority of law. The amendment of 1911 (§8988 Burns 1914, *supra*) wholly eliminated from the law all provisions for holding elections for town officers, and no statute authorizing such elections or fixing the time for holding them was in force in 1915, nor until eighteen months after the 1915 election was held.

The Constitution of Indiana does not command that town trustees shall be elected, nor provide how they shall be chosen. But after providing for the election of certain officers, it merely says that—"All officers whose appointments are not otherwise provided for in this constitution shall be chosen in such manner as now is, or hereafter may be, prescribed by law." Art. 15, §1, Constitution.

And especially must it be held that the town of Clarksville had no absolute, constitutional right to continue holding elections for town trustees. Schedule to Constitution, §235 Burns 1914; *Frisbie* v. *Fogg* (1881), 78 Ind. 269, 273, 274, 277.

The town corporation being a mere creature of the statute, the repeal of a provision for holding town elections was not unconstitutional. And since there
1, 2. was no statutory authority whatever for holding an election of trustees in 1915, the election held in

November of that year was void, as being without constitutional or statutory authority. *People* v. *Mathewson* (1873), 47 Cal. 442; *Stephens* v. *People, ex rel.* (1878), 89 Ill. 337, 342; *State* v. *Payton* (1908), 139 Iowa 125, 117 N. W. 43; *Matthews* v. *Board, etc., Shawnee Co.* (1886), 34 Kans. 606, 9 Pac. 765; *Munroe* v. *Wells* (1896), 83 Md. 505, 511, 35 Atl. 42; *People* v. *Palmer* (1892), 91 Mich. 283, 290, 51 N. W. 999; *State, ex rel.* v. *Jenkins* (1869), 43 Mo. 261, 265; *State* v. *Board, etc., Washoe Co.* (1870), 6 Nev. 104; *Van Amringe* v. *Taylor* (1891), 108 N. C. 196, 199, 12 S. E. 1005; *State, ex rel.* v. *Simon* (1891), 20 Ore. 365, 371, 26 Pac. 170; *Commonwealth, ex rel.* v. *Baxter* (1860), 35 Pa. St. 263; *State, ex rel.* v. *Sims* (1882), 18 S. C. 460, 462; *State, ex rel.* v. *Gardner* (1893), 3 S. D. 553, 54 N. W. 606; *Brewer* v. *Davis,* 9 Humph. (Tenn.) 280, 49 Am. Dec. 706; 20 C. J. 95; 9 R. C. L. 989, §12.

The next question for decision is whether or not that part of Acts 1917 p. 100, *supra,* which undertook to legalize and make valid the election of town trustees in November, 1917, had the intended effect. This is not a case of an election held by authority of law, where some of the prescribed formalities were omitted, but is one where there was no law at all for holding it.

The rule as to the validity and effect of retrospective legalizing statutes is as follows: "If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the legislature might have dispensed with by a prior statute, then it is not beyond the power of the legislature to dispense with it by a subsequent statute." Cooley, Constitutional Limitations (7th ed.) 531 (see 1st ed. 371). But while the legislature has power to cure irregularities and defects which do not go to the essence of a proceeding, it is a general principle that when an act, proceeding or trans-

action is void for lack of power to do it, and not merely voidable on account of some formal defect, it cannot be cured by legislative action. Sedgwick, Statutory Construction (2d ed.) 143, note; *Strosser* v. *City of Fort Wayne* (1885), 100 Ind. 443, 454. It follows that, since there was no statute authorizing an election to be held in 1915, and the action of the citizens or some of them in going through the form of voting for trustees of the town of Clarksville at that time was wholly unauthorized by law, the supposed election was void for want of statutory power, and not merely irregular, and it could not be legalized by a statute afterward enacted. *Kimberlin* v. *State, ex rel.* (1892), 130 Ind. 120, 126, 29 N. E. 773.

No question is before us and we decide nothing as to the legality of acts done by the town board prior to the 1919 election when it was composed, in part, of trustees elected in 1909, and in part of others elected in 1915, and we decide nothing as to that. See Art. 15, §3, Constitution; *Gardner* v. *Haney* (1882), 86 Ind. 17, 29.

Disregarding, as we must, the provisions in the act of 1917, which purport to legalize the election in three wards of Clarksville of trustees in 1915, the remainder of that act (Acts 1917 p. 100, *supra*) provides for the election of trustees in all of the wards in November, 1917, declares that the term of trustees shall be four years, and that after the election in 1917, the term of office of trustees shall be four years; that there shall be an election on the Tuesday after the first Monday in November in each odd year, and that of the trustees elected in 1917, in any town having an uneven number of trustees, the majority of persons receiving the highest number of votes for that office at the election in 1917, should serve four years, and the others two years.

No election having been held in 1917, and appellant being one of the three who received the highest vote

at the election in 1919, no cause is shown for excluding him from office until he shall have served his full term of four years. No question is before the court as to the length of term for which any other trustees than appellant were elected in 1919, and as to them we decide nothing.

Appellant having been duly elected for a term of four years, and having qualified and being in the actual possession of his office, there was no authority of law for electing a successor in 1921, and upon the facts found appellant was entitled to an injunction forbidding the appellees to interfere with or obstruct him in the possession of his office of trustee for the third ward of the town of Clarksville, and in the performance of his official duties as such trustee, until the end of his term, or until such earlier time as he shall be ousted therefrom by the judgment of a court of law. *Felker* v. *Caldwell* (1919), 188 Ind. 364, 366, 123 N. E. 794, and authorities cited.

The judgment is reversed, with directions to the trial court to restate its conclusions of law in conformity with this opinion, and to render judgment accordingly.

Townsend, J., absent.