# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1888, IN THE SEVENTY-SECOND YEAR OF THE STATE.

---

No. 14,330.

### THE STATE, EX REL. EWING, v. BELL.

OFFICE AND OFFICER.—*County Commissioner.*—*Enlargement or Abridgment of Term of Office.*—*Legislative Power.*—The office of county commissioner not being provided for by the Constitution, the Legislature may enlarge, abridge, or otherwise change the term of that office, either temporarily or permanently, or may abolish it entirely.

SAME.—*Quo Warranto.*—*Pleading.*—*Complaint.*—In a *quo warranto* proceeding to obtain possession of the office of county commissioner, the point in litigation being the time of the commencement of the official term, a complaint or information which fails to aver when the board of commissioners of the county was organized, or when the term of the first incumbent of the contested office ended, is insufficient, and the want of such averments is not supplied by an allegation as to the time when the county was organized into commissioners' districts.

From the Huntington Circuit Court.

*L. P. Milligan* and *O. W. Whitelock,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellee.

NIBLACK, C. J.—The complaint or information in this case was substantially as follows:

" The State of Indiana, on the relation of William Ewing,

plaintiff, complains of the defendant, George W. Bell, and gives the court to understand that the county of Huntington was organized into districts, as they now exist, for the election of county commissioners, at the June term, 1839, of the board doing county business, and said districts were numbered one, two and three; and your relator further says that in the year 1839 Nathan Fisher was duly elected and qualified as commissioner for district No. 2, to serve for a term of three years; that his term of office expired in the year 1842, and his successor was elected and entered upon the duties of his office at the close of the term of the said Nathan Fisher; and the succession of said office and the terms thereof have been continuous until the year 1884, when the defendant, George W. Bell, was, at the November election, in said year, duly elected commissioner for said district No. two (2), and during said month of November, 1884, qualified as such commissioner; that the term of office for which he was elected expired on the first Monday of December, 1887, the same being the 5th day of said month.

" And your relator further avers that, at the annual election held on the 2d day of November, 1886, in the county of Huntington and State of Indiana, said relator was a male citizen of the State of Indiana," over twenty-one years old, a resident of said second commissioner's district of the county of Huntington, and in all things eligible to the office of commissioner of such district; that at said election the relator received the highest number of votes cast for that office, and was accordingly declared elected to the same; that, on the 11th day of November, 1886, the relator took and subscribed an oath of office, which was endorsed upon his certificate of election; that, on the 5th day of December, 1887, the relator appeared at the room occupied by the board of commissioners of the county of Huntington and demanded possession of the office to which he had been so elected, which was refused; that the defendant unlawfully continued to hold said office, and to intrusively exercise the duties thereof, thus

·ousting and excluding the relator from the possession of the same. Wherefore a writ, in the nature of a writ of *quo warranto*, and all other proper relief, were demanded.

A demurrer was sustained to the complaint, and the defendant had final judgment upon demurrer.

This appeal, therefore, presents only the question whether, upon the facts as stated, the relator is entitled to the posses-.sion of the office to which he claims to have been elected.

Since the adoption of biennial elections, and in the appli-·cation of such elections to the office of county commissioner .in the various counties of the State, much doubt and uncertainty have arisen in many cases as to the time at which the .term of that office begins, as well as ends.

In an effort to relieve the doubt and uncertainty thus often arising, the General Assembly, on the 7th day of March, 1885, passed an act in the following words:

" Whereas there is uncertainty concerning the times of the beginning and ending of the term of office of county commissioners; and whereas such uncertainty has resulted in much irregularity and in litigation; therefore, for the purpose of preventing litigation,

" Section 1. Be it enacted by the General Assembly of the State of Indiana, that the terms of office of commissioners shall be three years, and shall begin on the first Monday in December, and the terms of office of no two districts in the same county shall begin in the same year; and the year in which the term of office of each district shall begin shall be determined by calculating periods of three years from the end of the term for which the commissioner for the same district was ·elected upon the organization of the board of commissioners for the county; and each commissioner now holding his office, whose successor has not been elected, and each commis-.sioner-elect who shall hereafter, but prior to the end of the regular term, as provided in this act, for the district for which he was elected, begin his service as commissioner, shall serve three years and to the end of the regular term of said district,

and until his successor is elected and qualified : *Provided,* That this act shall not be construed so as to lengthen the term of office of any commissioner now holding his office, whose successor has been elected and qualified, to the end of the regular term as provided in this act, for the district for which he was elected, and no commissioner hereafter elected shall, if his successor is elected and qualified, hold his office beyond the end of the regular term of office for his said district." Acts of 1885, 69.

The office of county commissioner is not provided for, nor is its term prescribed, by the Constitution. See sections 2 and 3, article 6, of that instrument. It is, therefore, competent for the Legislature to enlarge, abridge, or otherwise change the term of that office, whether temporarily or permanently, as well as to abolish the office entirely, if it shall be deemed expedient to do so.

Except in so far as it fixes the first Monday in December as the day of the commencement of the term of a county commissioner, the act above set out is merely declaratory. of what the law on the subject to which it relates has been since county commissioners were first elected in this State. *Parmater* v. *State, ex rel.,* 102 Ind. 90 ; *State, ex rel.,* v. *Barlow,* 103 Ind. 563.

As has been shown, the act of 1885 requires that the time at which the term of a county commissioner begins in any given district " shall be determined by calculating periods of three years from the end of the term for which the commissioner for the same district was elected upon the organization of the board of commissioners for the county."

As has been further shown, the complaint or information in this case averred " that the county of Huntington was organized into districts, as they now exist, for the election of county commissioners, at the June term, 1839, of the board doing county business" for that county, and that Nathan Fisher was elected in said year county commissioner from the second district to serve, as he did serve, for three years.

The election of county commissioners for the transaction of county business was authorized by the act of January 19th, 1831, R. S. 1831, 129, and that act was in force when the county of Huntington was permissively organized by the act of February 1st, 1834. Acts of 1834, 65.

The third section of this latter act directed that " The circuit court and the board of county commissioners, when elected under the writ of election from the executive department, shall hold their sessions as near the center of the county as a convenient place can be had, until the public buildings shall have been erected."

The fifth section of the act imposed upon the board of commissioners, at their first meeting after their election, the duty of appointing some suitable person to assess and collect the State and county revenue for the county of Huntington.

The fair inference consequently is, that a board of commissioners for the county of Huntington was organized several years previous to June, 1839. At all events, the complaint or information failed to aver when the board of commissioners for that county was organized, or when the term of the first commissioner elected for the second district ended.

The allegation that the county of Huntington was organized into commissioners' districts, as they now exist, in June, 1839, does not supply the place of such an averment, which was material to the merits of the relator's claim to the office in question.

There was, therefore, no error in the holding that the complaint or information was insufficient upon demurrer.

As the judgment in this case will not be a bar to further similar proceedings, if such shall be instituted, it is, perhaps, well to remark that the information was, in other respects, seemingly sufficient in its substantial allegations, within the rule prescribed by the cases of *Reynolds* v. *State, ex rel.*, 61 Ind. 392, and *Jones* v. *State, ex rel.*, 112 Ind. 193.

It would, however, have been more definite, and hence more

formal, if it had stated the time at which the term of the defendant, Bell, commenced, and the length of time which the relator had resided in the district for which he claimed to have been elected commissioner.    See Constitution, section 4, article 6. As having some relation to the subject-matter here involved, see the cases of *State, ex rel.,* v. *Bemenderfer,* 96 Ind. 374, and *Parcel* v. *State, ex rel.,* 110 Ind. 122.

The judgment is affirmed, with costs.

Filed Oct. 12, 1888.