LOSCHE v. MARION COUNTY ET AL.

[No. 25,470.   Filed June 28, 1934.]

*Robinson, Symmes & Melson* and *Donald F. Lafuze,* for appellant.

*Clinton H. Givan,* for appellees.

FANSLER, J.—Appellant was clerk of the Marion circuit court, and as such served as a member of the board of election canvassers for Marion county. He filed a claim for compensation for the services rendered as a member of that canvassing board, under §7557, Burns 1926, §29-1403 Burns 1933, §7379, Baldwin's 1934, (Acts 1905, p. 189), which provides:

"The members of any such board shall receive for their services as board of canvassers such amount as may be fixed by the board of commissioners or common council, as the case may be."

The county commissioners allowed him the sum of $2500.00. He brought this action asking for judgment against the county for that amount, and that the county council be mandated to appropriate money for the payment thereof. Appellees demurred to the complaint for want of facts. The demurrer was sustained, and, appellant refusing to plead further, there was judgment for defendants.

The error assigned and relied upon is upon appellant's exception to the ruling on the demurrer.

The only question presented in the briefs is whether §7557, Burns 1926, Acts 1921, p. 851, repeals the section of the statute above quoted from insofar as it provides for an allowance by the county commissioners for the services of the clerk as a member of the board of canvassers.

Section 7465, Burns 1926, §29-1002 Burns 1933, §7109, Baldwin's 1934, provides that "the clerk of the circuit court" and two persons by him appointed shall constitute the county board of election commissioners.

Section 7555, Burns 1926, §29-1401, Burns 1933, §7377, Baldwin's 1934, provides that the county board of election commissioners shall constitute a county board of canvassers. It is, therefore, the official, the clerk of the circuit court, and not the individual, who is a member of the board of canvassers.

The Act of 1921 provides that, in counties having a population of more than 300,000, "The clerk of the circuit court shall receive an annual salary of seven thousand five hundred dollars ($7,500), . . . The salaries named herein shall be in full for all services, and no other compensation or fees of any nature shall be paid to any of the above officials . . ." Section 9 of the Act provides for the repeal of all laws in conflict. We are unable to see how the legislature could have selected stronger language in which to express the intention that the salary provided for should be in full for all services, and that no other compensation of any nature should be paid to the clerk. The provision in §7557, *supra,* for an allowance to members of the board of canvassers was in existence when the Act of 1921 was passed, and, insofar as it provides for an allowance to the clerk, must be deemed to be repealed.

Appellant relies upon the case of *Seiler* v. *State ex rel.* (1903), 160 Ind. 605, 65 N. E. 922, 66 N. E. 946, 67 N. E. 448, but that case involved statutes enacted at the same session of the legislature, and the statute limiting compensation was not as broad as in the case at bar. The reasoning in that case is not deemed applicable to the situation here confronting us.

The demurrer was properly sustained.

Judgment affirmed.