CONTER, TREASURER *v.* POST.

[No. 26,468.   Filed February 22, 1935.]

*Philip Lutz, Jr.,* Attorney-General, *Joseph W. Hutchinson,* Assistant Attorney-General, and *George E. Hershman,* for appellants.

*Bomberger, Peters & Morthland,* for appellee.

TREANOR, J.—This action is brought under the Declaratory Judgment Act to test the validity of Chapter 233, page 1042, Acts of 1933. Section 5 of the act provides that the elective officers of cities of the second class shall consist of a mayor, a city clerk, a city judge, and members of the common council. The county treasurer shall be ex officio treasurer of all cities of the second class and shall perform all duties now provided by law for the office of such city treasurer. The issues consisted of a complaint, a joint and several demurrer by the defendants' and an answer in general denial. The demurrer was overruled, to which ruling each defendant separately excepted. Cause was submitted to the court and judgment was rendered against defendants and in favor of plaintiff. Defendants each jointly, separately, and severally filed motion for a new trial, which motion was by the court overruled, to which ruling defendants each separately excepted and defendants asked and were granted 30 days in which to file a bill of exceptions.

We quote the following from the finding and judgment of the court:

"II

"The court further finds that the defendant Herman L. Conter is the duly elected, qualified and acting treasurer of Lake County, Indiana, and that his term of office unless terminated by his death, resignation or in other manner not shown by the evidence will extend through the year 1935 and to the first day of January, 1936, and that pursuant to the provisions of Chapter 233 of the Acts of the General Assembly of 1933 said defendant as county treasurer will claim the right to perform the duties of city treasurer ex officio of the city of Hammond, Indiana.

"III.

"That the plaintiff asserts that said Chapter 233 of the Acts of the General Assembly of Indiana of 1933 is unconstitutional and void for the reasons set out in the complaint and that the defendants assert and claim that said Chapter 233 is valid and constitutional and that, therefore, a justifiable controversy exists between the parties and that the parties are entitled to a declaratory judgment declaring the rights and status of said parties in view of their respective claims as herein found.

"It is now therefore considered, ordered, adjudged and declared by the court as follows:

"I.

"That Chapter 233 of the Acts of 1933, aforesaid, does not abolish the office of City Treasurer in cities of the second class.

"II.

"That Section 5 of said Chapter 233 is unconstitutional and void for the reason that it violates Section 6 of Article 6 of the Constitution of the State of Indiana which provides that 'all county, township and town officers shall reside within their respective county, township, and towns; and shall keep their respective offices at such places therein, and perform such duties as may be described by law,' and that said section also sets up an arbitrary classification in providing that the provisions therein shall not apply to cities of the second class owning and operating a municipal water works and electric light plant.

"III.

"It is further considered, ordered, adjudged and declared by the court that all other sections of the act are constitutional and valid."

The correctness of the trial court's conclusions turns upon the answers to two questions:

1. Does chapter 233 of the Acts of the General Assembly of 1933, (§48-1215, *et seq.*, Burns Ind. St. Ann. 1933) abolish the office of city treasurer in cities of the second class and impose the duties of that office upon the county treasurer? Or, stated conversely, is the effect

of the act to continue the office of city treasurer and to confer upon the county treasurer the office of city treasurer?

2. Does §5 of Chapter 233 of the Acts of 1933 (§48-1215, Burns, etc., 1933, *supra*, §11397, Baldwin's 1934) set up an arbitrary classification in providing that the provisions therein shall not apply to cities of the second class owning and operating a municipal water works and electric light plant?

We assume that the General Assembly has the power to abolish the office of city treasurer and to impose upon a county treasurer the duties ordinarily performed by a city treasurer. (*State ex rel. Ewing* v. *Bell* [1888], 116 Ind. 1, 18 N. E. 263; *State ex rel. Yancey* v. *Hyde* [1891], 129 Ind. 296, 28 N. E. 186). We are concerned, therefore, in determining whether the legislative intent, as expressed in Chapter 233, Acts of 1933, is to abolish the office of city treasurer in cities of the second class and to impose the duties of such office upon the county treasurer.

The first and third paragraphs of §5 read as follows:

"The elective officers of cities of the second class shall consist of a mayor, a city clerk, a city judge, and members of common council. Such officers shall be elected in accordance with the provisions of laws now in effect, except as hereinafter provided. The county treasurer shall be ex officio treasurer of all cities of the second class and shall perform all duties now provided by law for the office of city treasurer. . . .

"In cities of the second class the duties of the board of public works and the duties of the board of public safety as now provided by law shall be performed by a board to be known as the 'board of public works and safety,' which board shall be composed of the city controller, the city civil engineer, and the city attorney; such officers shall serve as members of such board without additional compensation therefor, other than as hereinafter provided in section 21. The mayor shall appoint a clerk of the

board of public works and safety; Provided, This section shall not apply to cities of the second class owning and operating a municipal water-works and electric light plant."

If we disregard the last sentence in paragraph one we are compelled to conclude that the office of city treasurer in cities of the second class is abolished. The failure to authorize the election or appointment of a city treasurer necessarily dispenses with such office. The general act of 1905 (Acts 1905, p. 236, Burns Ann. Ind. St. 1926, §10266, §48-1242, Burns 1933), creates the elective offices of cities by providing that "the elective offices of the cities of this state shall consist of a mayor, city judge, city clerk, city treasurer and councilmen . . ." By the provision "the elective officers of cities of the second class shall consist of a mayor, a city clerk, a city judge and members of common council" the General Assembly of 1933 indicated a clear intent to limit elective officers to the ones enumerated, *(Inclusio unius, exclusio alterius)* and there is no authority in paragraph two for the continuance or creation of the office of city treasurer as an appointive office. It follows from the foregoing that there is no office of city treasurer in cities of the second class unless we can say that such office is continued and transformed from an elective office to an ex officio office by the provision that "the county treasurer shall be ex officio treasurer of all cities of the second class and shall perform all duties now provided by law for the office of city treasurer."

In construing the foregoing language it is permissible to look to legislative usage of words and phrases. In §195 of the Acts of 1905 (§10948, Burns, etc., 1926, §48-6701, Burns 1933, §11511, Baldwin's 1934), there is an express provision that "in any city of the first, second or third class which is a county seat of the county in which such city is located, and which city

now has a city treasurer, such office of city treasurer shall, on and after the expiration of the term for which he was elected, be abolished," and there is the further provision that "the county treasurer of such county shall be, ex-officio, treasurer of such city, and shall perform all the duties in this act required to be performed by city treasurers." It is perfectly clear that the legislative intent in §195 was to abolish the office of city treasurer. But in providing for the performance of the duties of the office of city treasurer by the county treasurer almost the same language was employed as is used in the present act. In the act of 1905 the words "county treasurer of such county shall be, *ex officio*, treasurer of such city" clearly were not intended to continue the office of city treasurer and to make the county treasurer, *ex officio*, a city officer holding the office of city treasurer, since the act expressly abolished that office. Also it is evident that *treasurer* as used in the phrase "treasurer of such city" did not mean treasurer in the sense of an officer of the city, but merely indicated the nature of the functions which would devolve upon the county treasurer as a part of his duties as county treasurer. In other words, the provision in the Act of 1905 that the county treasurer should be *"ex officio* treasurer of such city" transferred the functions of the office of city treasurer to the office of county treasurer and did not confer upon the county treasurer the office of city treasurer. It is true that *ex officio* may be used where the context, properly construed, requires that the holder of an office become a holder of another office. But whether the designated officer becomes the incumbent of another and additional office, by virtue of his incumbency of the office to which he has been elected or appointed, or whether his official duties as incumbent of the principal office are increased, depends upon the context.

The Supreme Court of Illinois in the appeal of *Foote* v. *Lake County* (1903), 206 Ill. 185, 69 N. E. 47, was required to construe similar language in a statute which provided that the county treasurer should be *ex officio* supervisor of assessments in his county. In concluding that the statute did not create an office of supervisor of assessments and make the county treasurer the incumbent of this office, the court said:

"We think it clear that the act of 1898 did not create a new office. The provision is that the county treasurer shall be *ex officio* supervisor of assessments in his county. The term '*ex officio*' implies that the county treasurer shall be supervisor of assessments from or by virtue of his office of county treasurer, and as appertaining to such office. His authority to act as supervisor of assessments, under the statute, is derived from his official character as county treasurer; and the duties of supervisor are annexed to his official position as a consequence thereof, without any other appointment or authority than that conferred by the office of county treasurer."

We have already indicated that in our opinion the language of §5 of Ch. 233, Acts of 1933, reasonably construed, eliminates the office of city treasurer in cities of the second class. We further conclude that the provision that the county treasurer shall be *ex officio* treasurer of all cities of the second class must be construed to add to the county treasurer the functions and duties which had previously been performed by the treasurers of cities of the second class. In our opinion the language can not be construed to continue or revive the office of city treasurer and to confer this office upon the county treasurer.

Since under our construction of §5, Ch. 233, the office of city treasurer in cities of the second class is abolished we hold that §5 does not violate Art. VI, §6, of the Indiana Constitution.

The remaining question is whether the trial court erred in holding that §5 sets up "an arbitrary classification" in excepting from its provisions all second class cities which own and operate a municipal water works and electric light plant. In our opinion the owning and operating of a municipal water works and electric light plant furnishes sufficient basis for an exemption from the provisions of §5. It is obvious that the ownership and operation of such plants would materially increase the burdens connected with the financial affairs of the city and would create financial problems peculiar to the government and business management of such cities. The additional work and special problems connected with the treasurer's office would furnish sufficient reasons for the retention of the office of city treasurer. Also the added duties and problems of management connected with the conduct of a municipal water works and electric light plant would justify the continuance of a board of public works separate from a board of public safety. The effect of excepting cities owning these plants would be to retain the office of city treasurer and the separate existence of the board of public safety and board of public works. We think the section in this regard is not open to the objection that it sets up an arbitrary and unreasonable classification.

We hold that the trial court erred in adjudging §5 of Ch. 233, Acts of 1933, unconstitutional.

Inasmuch as the declaration of rights of plaintiff and defendant in this case depends entirely upon the constitutionality of Ch. 233 of the Acts of 1933 and can not be affected in any manner by an existing state of facts, nothing can be gained by having a new trial. Therefore the judgment is reversed with directions to the trial court to set aside its judgment and to render judgment of declaration of rights in accordance with this opinion.