STATE EX REL. MCMANAMON *v.* FELGER ET AL.

[No. 18,076.   Filed December 29, 1950.   Rehearing denied March 16, 1951.   Transfer denied December 11, 1951.]

(See 230 Ind. 185, 102 N. E. 2d 369, for opinion of Supreme Court denying petition to transfer.)

*J. Emmett McManamon,* Attorney General, *Walter O. Lewis,* Deputy Attorney General, and *R. C. Parrish,* of Ft. Wayne, Amicus Curiae, for appellant.

*W. O. Hughes* and *Flanagan & Miller,* all of Fort Wayne, for appellees.

MARTIN, J.—This is an action brought by the Attorney General on the relation of the State of Indiana as provided by statute, Burns' 1943 Replacement, § 60-237, against the appellee, a former Treasurer of Allen County. The basis of the action was the charge or claim asserted against the appellee by the report of an examination of the Treasurer's office by the State Board of Accounts. The claim and action is that the appellee received and retained a compensation greater than that provided and allowed by law. Appellant's complaint is in two paragraphs to each of which a demurrer for want of facts was sustained and upon appellant's refusal to plead further, judgment was entered that appellant take nothing and that the appellees recover with costs.

This review is concerned solely with alleged error in sustaining such demurrers. The complaint is based up-

on the provisions of the Acts of 1945, ch. 192, § 1, p. 610. This Act amended the Acts of 1937, ch. 53 § 1, p. 294, which latter statute had amended the Acts of 1933, ch. 21, § 6, p. 88; Burns' 1933, § 49-1006, and reads in part as follows:

> "Sec. 6. The county treasurers of the state shall receive as their property, in addition to the salary herein provided, six per cent of delinquent taxes collected on personal property and poll taxes during each calendar year and they shall also be entitled to charge and collect as their personal property, subject to the limitations hereinafter made, a demand fee of fifty cents from tax delinquents where collections result from personal demands: *Provided,* That the aggregate of all salaries, demand fees, and percentages of delinquent tax collections as herein provided for and so received by any treasurer, may not exceed ten thousand dollars in any county in any one year, it being the intention of this act to restrict each county treasurer of the state to a total compensation of ten thousand dollars in any one year for all services rendered by him:"

The appellee contends that the complaint is based upon the incorrect assumption that the salary of the county treasurer as *ex officio* city treasurer is not included in the limitation of ten thousand ($10,000) Dollars under the provisions of the above Act. In construing this section of the statute, we are also concerned with the Acts of 1905, ch. 129, § 195, p. 219; Burns' 1950 Replacement, § 48-6701, which reads as follows:

> "The city treasurer of every city shall be head of the department of assessment and collection of taxes for such city: *Provided,* That in any city of the first, second or third class which is the county seat of the county in which such city is located, and which city now has a city treasurer, such office of city treasurer, shall on and after the expiration of the term for which he was elected, be abolished, and the records, books and papers of such office,

except as otherwise herein provided, shall be turned over to and conserved by such other officers of such city as the common council may designate; and thereafter in every city of the first, second or third class which is the county seat of the county in which any such city is located the county treasurer of such county shall be, ex officio, treasurer of such city, and shall perform all the duties in this act required to be performed by city treasurers; and whenever, in this act, in relation to cities of the first, second or third classes which are county seats, the term treasurer, or city treasurer, is used, such designation shall apply to the county treasurer acting as treasurer of any such city: *Provided, further*, That nothing in this act shall be so construed as to affect any law now or hereafter in force in relation to common schools or other town or city schools or to the assessment and collection of taxes therefor, or in relation to school towns, or school cities, except as in this act expressly provided."

The statute applying to Fort Wayne, applicable to this case is Acts of 1943, ch. 84, § 1, p. 263; Burns' 1950 Replacement, § 48-1226(a). This section provides a salary for city treasurers of thirty-six hundred ($3,600) Dollars, and reads in part as follows:

"In cities of second class having a population of more than thirty-five thousand (35,000), according to the last preceding United States census, and an assessed valuation of more than seventy-five million dollars ($75,000,000) and which own and operate three (3) or more municipal utilities . . . the city treasurer shall be paid an annual salary of thirty-six hundred dollars ($3,600), which may be increased by ordinance to any amount not exceeding six thousand dollars ($6,000); . . . ."

Acts of 1933, ch. 21, § 4, p. 88; Burns' 1933, § 49-1004, provides in part: "In each of the counties of the state of Indiana, the annual salaries of officials hereinafter named shall be as follows: . . . . Allen county: . . . . treasurer, forty-four hundred dollars ($4,400); . . . ."

The appellant concedes that under these statutes the appellee, Walter A. Felger, herein is entitled to the basic salary as County Treasurer of forty-four hundred ($4,400) Dollars and the salary as City Treasurer of thirty-six hundred ($3,600) Dollars, a total of eight thousand ($8,000) Dollars, but contends that he can receive from collections of personal property tax only the difference between this amount and the maximum sum of ten thousand ($10,000) Dollars.

On the contrary, it is contended by the appellees that the 1945 Act above set forth applies in its ten thousand ($10,000) Dollar limitation only to the basic salary as county treasurer and the collection of delinquent personal property tax and that his salary as city treasurer is not contained in this limitation.

The General Assembly has the power to abolish the office of city treasurer and to impose upon a county treasurer the duties ordinarily performed by a city treasurer. *Conter, Treas.* v. *Post* (1935), 207 Ind. 615, 194 N. E. 153; *The State, ex rel. Ewing* v. *Bell* (1888), 116 Ind. 1, 18 N. E. 263; *The State, ex rel. Yancey* v. *Hyde* (1891), 129 Ind. 296, 28 N. E. 186.

We are concerned, therefore, in determining whether the Legislature intended, as appears in Acts of 1905, ch. 129, § 195, p. 219; Burns' 1950 Replacement, § 48-6701, to abolish the office of city treasurer in all cities of the first, second or third class where any such city was a county seat and to impose the duties of such office upon the county treasurer. In *Conter, Treas.* v. *Post, supra,* the court in construing this same section said:

". . . . It is perfectly clear that the legislative intent in § 195 was to abolish the office of city treasurer. But in providing for the performance of the duties of the office of city treasurer by the county

treasurer almost the same language was employed as is used in the present act. In the act of 1905 the words 'county treasurer of such county shall be, *ex officio*, treasurer of such city' clearly were not intended to continue the office of city treasurer and to make the county treasurer, *ex officio*, a city officer holding the office of city treasurer, since the act expressly abolished that office. Also it is evident that *treasurer* as used in the phrase 'treasurer of such city' did not mean treasurer in the sense of an officer of the city, but merely indicated the nature of the functions which would devolve upon the county treasurer as a part of his duties as county treasurer. . . ."

We recognize, of course, that the Legislature may confer, and in the past has conferred from time to time new and additional duties upon the county treasurer for which the Legislature has provided extra compensation. The acts here under consideration are typical illustrations of such legislation. However, the Legislature may by later enactment withdraw such extra compensation and leave the duties obligatory. *Gates* v. *Hickman* (1947), 117 Ind. App. 414, 70 N. E. 2d 441, and cases there cited. It is clear that it is these "extra pay" statutes that the Legislature had in mind and the extra pay feature upon which it sought to place a maximum of ten thousand ($10,000) Dollars when it said in the 1945 Act, "That the aggregate of all salaries, demand fees, and percentages of delinquent tax collections as herein provided for and so received by any treasurer, may not exceed ten thousand dollars in any county in any one year, it being the intention of this act to restrict each county treasurer of the state to a total compensation of ten thousand dollars in any one year for all services rendered by him."

We are of the opinion that the language of Acts of 1905, ch. 129, § 195, p. 219; Burns' 1950 Replacement,

§ 48-6701, reasonably construed, eliminates the office of city treasurer in cities of the first, second or third class which are the county seats of the counties in which such cities are located. We further conclude that the provision that the county treasurer be *ex officio* treasurer of such city of the first, second or third class which is the county seat must be construed to add to the county treasurer the functions and duties which had previously been performed by the treasurer of cities of the first, second or third class which are the county seats of the counties in which such cities are located. It is our opinion that the language cannot be construed to continue or revive the office of city treasurer and to confer this office upon the county treasurer.

We are of the opinion that the salary received by the county treasurer for services rendered as *ex officio* city treasurer is to be considered a part of the compensation of the county treasurer under the limitation of ten thousand ($10,000) Dollars in one year as provided by the Acts of 1945, ch. 192, § 1, p. 610, subject to the qualification exempting treasurers until January 1, 1946, in counties of from two hundred thousand (200,000) to three hundred thousand (300,000) population.

Judgment reversed with instructions to overrule the appellees' demurrer to each paragraph of the appellant's complaint.

Royse, J., dissents with opinion.

Bowen, J., dissents with opinion.

DISSENTING OPINION

ROYSE, J.—I do not agree with the majority opinion in this case. As stated in their opinion, the complaint is based on Sec. 1, Ch. 192, p. 610, Acts 1945. For the

reasons hereinafter set out I do not believe that Act was applicable to a person holding the office of County Treasurer in Allen County during the time in question here.

The title to the above referred-to Act is as follows:

"AN ACT to amend Section 1 of an act entitled 'An Act to amend Section 6 of an Act entitled "An Act fixing the compensation of certain public officials, their deputies and assistants and fixing manner of payment thereof; authorizing the appointment of deputies and assistants; prescribing certain duties; making a division of deputy's and assistant's compensation unlawful and providing a penalty therefor; providing for the collection of fees and mileage and the disposition of same; repealing all laws in conflict therewith and fixing the time of taking effect," approved February 16, 1933, and declaring an emergency,' approved March 5, 1937, and declaring an emergency."

Thus it is perfectly clear that in enacting this Act the 1945 Legislature was amending the original Act of 1933. This was Ch. 21, Acts 1933, p. 88. Therefore, if this original Act of 1933 did not apply to the person holding the office of County Treasurer of Allen County, the 1945 amendment did not make it do so.

Since the enactment of Ch. 129, Acts 1905, p. 219, § 195, the office of City Treasurer in cities of the first, second and third class, where such city was the county seat, was abolished and duties and functions of that office were transferred to the County Treasurer as ex officio City Treasurer. We know judicially that the City of Fort Wayne has been at all times since the passage of this Act such a city.

Section 1 of Acts 1933, *supra,* provides as follows:

"That the public officers herein named together with their deputies and other assistants shall receive for their services the compensation provided

in this act, which compensation shall be paid monthly from the general fund of the county in the manner now provided by statute for payment of official salaries, and they shall receive no other compensation, fees, per diem, percentum or other remuneration whatsoever except as otherwise provided in this act. No payments of salaries shall be made until the officer has made report of all fees collected and paid same into the treasury. The officers' salaries herein designated shall be paid by the respective counties, and shall be in full for their services as such officers, *and also for all services required of them as ex officio officers of any city which they serve as such,* except as herein otherwise provided." (My emphasis.)

Section 5 of this Act (Acts 1933, p. 110, § 5) provides:

"The compensation provided in the foregoing section shall be in lieu of all salaries, fees, and per diem now provided by statute for the officials therein designated, their deputies and other assistants in the several counties of the State of Indiana, except as herein otherwise provided. All fees and remuneration of whatsoever kind or character, for official services or involving official authority, now provided by statute or otherwise, shall be charged and collected by such officers and shall be the property of the county and shall be covered into the general fund of the county except as herein otherwise provided; *Provided,* That where county treasurers are ex officio city treasurers, fees accruing exclusively on city business shall be covered into the general fund of the city, except as herein otherwise provided."

Section 17 (Acts 1933, p. 114, § 17) provides:

"This act shall not be construed to repeal, alter, modify, or amend any other law passed by the seventy-eighth general assembly."

It seems obvious to me that in this Act of 1933 the Legislature was dealing with the pay of persons pri-

marily engaged in services rendered to the County. The emphasized portion of § 1 indicated the legislative intent that the salaries paid by the city to county officers serving as ex officio city officers should be considered as a part of the salary paid by the county for his services as a county official. This last portion of said § 1 must be construed with § 5 of the Act which provided such city salary should go into the *general fund of the city*. If this Act were applicable to this case I am of the opinion it would contravene the Constitutional provisions referred to in the case of *Board of Commissioners of Jackson County et al.* v. *The State ex rel. Shields et al.* (1900), 155 Ind. 604, 608, 609, 58 N. E. 1037. The appellee makes this contention and perhaps for that reason this case should have been transferred to the Supreme Court. Sec. 4-214, Burns' 1946 Replacement.

If this Act does not contravene the Constitution, then it is clear that under it the Legislature intended that unless the 78th Session of the General Assembly provided otherwise, the total compensation of the County Treasurer of Allen County should be that provided by §§ 4 and 6 of the Act and that he should not receive the salary provided in prior Acts for his services as ex officio City Treasurer of Fort Wayne. Therefore, under such conditions, such Acts were repealed by implication. Surely it could not be presumed the Legislature intended that the City Council should appropriate the salary for a city treasurer and then require the city to pay such salary into its general fund.

But the Legislature of 1933, subsequent to the enactment of Ch. 21, *supra,* enacted another law, Ch. 233, Acts 1933, p. 1042. It was entitled:

"AN ACT concerning the classification and government of civil cities, reducing certain civil cities to civil towns and providing for the government of such towns, fixing and providing for the salaries

of officers and employees, repealing all laws and parts of laws in conflict herewith, providing for the date of taking effect of certain provisions and declaring an emergency."

It classified the cities and towns of the State. Under its provisions Fort Wayne remained a city of the second class. Section 5 of this Act provided, in part, as follows:

"The elective officers of cities of the second class shall consist of a mayor, a city clerk, a city judge, and members of common council. Such officers shall be elected in accordance with the provisions of laws now in effect, except as hereinafter provided. The county treasurer shall be ex officio treasurer of all cities of the second class and shall perform all duties now provided by law for the office of such city treasurer. . . .

*Provided,* This section *shall not apply to cities of the second class owning and operating a municipal waterworks and electric light plant."* (The last emphasis is mine.)

Section 10 provided in part as follows:

"The provisions of any law now in effect insofar only as said provisions fix or purport to fix the salaries of any elective or appointive officer and/or employes of any civil city of this state and the provisions of any laws now in effect insofar only as they fix or purport to fix the salary of any member of any board, commission, department or institution maintained or operated by any civil city, are hereby repealed upon the taking effect of this act, *except all laws effecting cities of the second class owning and operating two municipal utilities,* which shall remain in full force and effect. (My emphasis.)

So far as I have been able to ascertain, the emphasized portions of these sections is the first legislative reference to cities of the second class owning and operating two municipal utilities.

In the case of *Conter, Treasurer* v. *Post* (1935), 207 Ind. 615, 194 N. E. 153, the Supreme Court had before it for consideration § 5 of the last mentioned Act of 1933. The court, in holding this Act abolished the office of city treasurer and transferred the functions and duties of that office to the county treasurer, said: (p. 619)

"If we disregard the last sentence in paragraph one we are compelled to conclude that the office of city treasurer in cities of the second class is abolished. The failure to authorize the election or appointment of a city treasurer necessarily dispenses with such office. The general act of 1905 (Acts 1905, p. 236, Burns' Ann. Ind. St. 1926, § 10266, § 48-1242, Burns' 1933), creates the elective offices of cities by providing that 'the elective offices of the cities of this state shall consist of a mayor, city judge, city clerk, city treasurer and councilmen . . . ' By the provision 'the elective officers of cities of the second class shall consist of a mayor, a city clerk, a city judge and members of common council' the General Assembly of 1933 indicated a clear intent to limit elective officers to the ones enumerated, (*Inclusio unis, exclusio alterius*) and there is no authority in paragraph two for the continuance or creation of the office of city treasurer as an appointive office. It follows from the foregoing that there is no office of city treasurer in cities of the second class unless we can say that such office is continued and transformed from an elective office to an ex officio office by the provision that 'the county treasurer shall be ex officio treasurer of all cities of the second class and shall perform all duties now provided by law for the office of city treasurer.'

.  .  .  .

"We further conclude that the provision that the county treasurer shall be *ex officio* treasurer of all cities of the second class must be construed to add to the county treasurer the functions and duties which had previously been performed by the treasurers of cities of the second class. In our opinion the language cannot be construed to continue or re-

vive the office of city treasurer and to confer this office upon the county treasurer."

Thus, the Supreme Court holds that this section, excluding the last proviso, abolished the office of city treasurer and transferred the duties and functions formerly performed by that city official to the county treasurer, but said county treasurer did not thereby become a city official. It seems to me the Supreme Court in effect held that under such circumstances the county treasurer became an employee of the city. For that reason it held this section did not contravene § 6, Art. 6 of our Constitution. The court then, in passing on the only other question, said:

> "The remaining question is whether the trial court erred in holding that § 5 sets up 'an arbitrary classification' in excepting from its provisions all second class cities which own and operate a municipal water works and electric light plant. In our opinion the owning and operating of a municipal water works and electric light plant furnishes sufficient basis for an exemption from the provisions of § 5. It is obvious that the ownership and operation of such plants would materially increase the burdens connected with the financial affairs of the city and would create financial problems peculiar to the government and business management of such cities. The additional work and special problems connected with the treasurer's office would furnish sufficient reasons for the retention of the office of city treasurer. . . . *The effect of excepting cities owning these plants would be to retain the office of city treasurer* . . . . We think the section in this regard is not open to the objection that it sets up an arbitrary and unreasonable classification." (My emphasis.)

It seems clear to me that by the emphasized portion of the last quotation from the opinion of the Supreme Court in that case, the court held the provision of § 5

above had the effect of repealing § 195, Ch. 129, Acts 1905 (which Act was considered in the opinion), insofar as it affected cities of the second class owning and operating two municipal utilities. The only logical conclusion from that decision is that § 5, Ch. 233, Acts 1933 created the office of city treasurer in such cities. How such officer would be selected is of course for the Legislature to determine. Under existing laws it seems the county treasurer in counties where there are such cities is at least the de facto city treasurer. As such he would be entitled to the compensation provided for that office in this Act.

Therefore I do not believe that Ch. 21, Acts 1933 ever applied to the situation presented here. Sec. 17 of that Act indicates this to be the legislative intent. In this connection it is significant to note that in enacting Ch. 233, Acts 1933, *supra,* the Legislature specifically repealed § 15, Ch. 21, Acts 1933, *supra,* which provided that "In counties where the county treasurer acts ex officio as city treasurer said county treasurers and county auditor shall retain as their personal property the compensation now provided by law for such services." To me this is convincing evidence that in its last pronouncement on the subject the 1933 Legislature made it crystal clear that it did not intend Ch. 21 of its Acts to apply to cities in the class involved here. Hence, the amendment to that Act by the 1945 Legislature could not affect this case.

It seems clear to me that the rights of appellee Felger are to be determined by Ch. 84, Acts 1943, p. 263. Appellant concedes this was true until the 1945 amendment became effective.

In my opinion the Act of 1943, *supra,* was a new Act to fix and establish the salaries and compensation *of city officials, elective and appointive,* in cities of the

second class having a population of more than 35,000 and an assessed valuation of more than thirty million dollars and operating two or more utility plants. It legalized certain acts which might have been questioned under prior Acts. It followed in general the classification referred to in Ch. 233, Acts 1933, *supra*, and approved by the Supreme Court. *Conter, Treasurer* v. *Post, supra*. It did not nor could it affect the provisions of Ch. 21, Acts 1933 which, as I have heretofore indicated, were intended to and did fix the compensation of county officers and employees.

I believe the judgment of the Allen Circuit Court should be affirmed.

## DISSENTING OPINION

BOWEN, P. J.—I cannot agree with the majority opinion in this case.

The act applying to Fort Wayne, Chap. 84, § 1, p. 263; Burns' 1950 Replacement, § 48-1226 (a) which provides for the payment of a salary of $3,600 for city treasurers which may be increased by ordinance to any amount not exceeding $6,000 must be held by this court either to be in full force and effect, or it must be held to be impliedly repealed by the overall salary limitation act, Acts of 1933 Chap. 21, § 6, p. 88, as amended by Acts of 1945, Chap. 192, § 1, pp. 610-611; Burns' 1933 (1949 Supp.), § 49-1006.

The majority opinion adopts the concession of the appellant that the appellee is entitled to the remuneration of $3,600 which is provided by the act, § 48-1226 (a), *supra*, for his services as city treasurer, on the theory he is paid such sum as county treasurer. In effect such opinion asserts that the appellee is entitled to such amount, and then after so holding, decides that the excess payments above the overall salary limitation

must be deducted from other funds which he received as county treasurer. It seems to me that the overall salary limitation must be held to apply to all sources of funds if it be held that the salary provisions for his services as city treasurer comes within the overall limitation statute.

This court in *Gates* v. *Hickman* (1947), 117 Ind App. 414, 70 N. E. 2d 411, held that there was an implied repeal of a special statute for extra services to a city engineer on track elevation projects by the passage of an overall salary limitation act. In the present case, the majority opinion does not hold that the salary provisions of the act providing for compensation as city treasurer is repealed or modified by implication, but asserts, as the appellant concedes, that the county treasurer is entitled to such salary, but that the excess above the limitation must be deducted from other funds. It does not seem to be proper for this court to single out any particular source of funds in which to apply a general overall limitation which the Legislature has seen fit to establish. The result of such an interpretation would make it possible for the authorities to make an arrangement whereby the taxpayers of a city would be compelled to pay a disproportionate part of the salary of the county treasurer for his services as city treasurer.

In the light of the case of *Board, etc.* v. *State, ex rel.* (1900), 155 Ind. 604, 58 N. E. 1037, it seems that the interpretation of the statute by the majority leads to an unconstitutional result. It seems to me wholly inconsistent to admit and hold that appellee is entitled to the statutory salary of $3,600 for his services as city treasurer upon the theory he receives this by virtue of his position as county treasurer, and then to apply the overall limitation to other sources of funds. This statute with reference to provision for payment of the salary

of a city treasurer must either be in full force and effect or held to be impliedly repealed and modified by implication by the salary limitation act. Having upheld the salary provisions of § 48-1226 (a), *supra,* in my opinion, the appellee is entitled, as the lower court held, to receive such sum.

If such salary statute is valid and in effect without any modification or implied repeal as the majority opinion, in substance, holds, the only logical conclusion is that the statutory sum which he receives for his services as city treasurer is not contained within the overall limitation.

I think the judgment should be affirmed.

NOTE.—Reported in 95 N. E. 2d 840.