STATE EX REL. MCMANAMON *v.* FELGER ET AL.

[Appellate Court No. 18,076.   Transfer denied December 11, 1951.]

*J. Emmett McManamon,* Attorney General; *Walter O. Lewis,* Deputy Attorney General; *R. C. Parrish,* of Fort Wayne, Amicus Curiae, for appellant.

*W. O. Hughes;* and *Flanagan & Miller,* both of Fort Wayne, for appellees.

PER CURIAM.—We believe that the result of the majority opinion of the Appellate Court, which appears in 121 Ind. App. 692, 95 N. E. 2d 840, is correct, but since two of the judges of that court dissented with separate opinions, and the effect of Ch. 112 of the 1935 Acts, §48-1215a, Burns' 1950 Replacement, was not noticed, the transfer will be denied with opinion.

This court in *Conter, Treas.* v. *Post* (1935), 207 Ind. 615, 194 N. E. 153, correctly held that §195 of Ch. 129 of the 1905 Acts [the Cities and Towns Act of 1905], §48-6701, Burns' 1950 Replacement, abolished the office of City Treasurer in second class cities that were county seats, and that the duties

of such office were placed ex officio upon the County Treasurer in such cases. Whenever a public officer ex officio performs the duties of another office, he is not holding two offices. If the offices were lucrative, as is generally the case, such provision would violate §9 of Article 2 of the Constitution prohibiting the dual holding of lucrative offices.

But by Chapter 112 of the 1935 Acts (page 412), §48-1215a, Burns' 1950 Replacement, the office of City Treasurer was abolished in all second class cities without limitation. This act does not use the term "ex officio," but it carefully indicates there is but one office and that is County Treasurer, and upon him is cast the rights, powers and duties of the office of City Treasurer so abolished.

Therefore, when the proviso of §1 of Ch. 192 of the 1945 Acts, §49-1006, Burns' 1933 (1945 Supp.), stated:

"That the aggregate of all salaries, demand fees, and percentages of delinquent tax collections as herein provided for and so received by any treasurer, may not exceed ten thousand dollars [$10,000] in any county in any one year, it being the intention of this act to restrict each county treasurer of the state to a total compensation of ten thousand dollars [$10,000] in any one year for all services rendered by him," there was only one office involved and that was county treasurer, and his aggregate salary, demand fees and delinquent tax percentages were limited to $10,000 in any one year. The language of the statute is too clear and positive on the limitation to receive any other construction. See *Losche* v. *Marion County* (1934), 207 Ind. 44, 191 N. E. 143.

Transfer denied.

Draper and Jasper, JJ., not participating.

Note.—Reported in 102 N. E. 2d 369.